**2-17cvIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**ROSSI ANTHONY GRAY, JR.,**

      **Petitioner,**

**v.**                                    **Case No. 2:17cv39
                                         (Judge Bailey)**

**DAVID BALLARD, WARDEN,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On March 6, 2017, *pro se* Petitioner, Rossi Anthony Gray, Jr., filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. ECF No. 1. Petitioner was granted leave to proceed *in forma pauperis.* ECF No. 5. On March 17, 2017, Magistrate Judge Michael John Aloi conducted a preliminary review of the file, determined that summary dismissal was not appropriate and directed Respondent to show cause why the petition should not be granted. ECF No. 9. Following two court approved enlargements of time, Respondent filed his Response together with a Motion to Dismiss as Unexhausted and Procedurally Barred with a Memorandum in Support and exhibits. ECF Nos. 16-18. On June 5, 2017, a *Roseboro* Notice was issued. ECF No. 19. On June 26, 2017, Petitioner filed his Response. ECF No.  22. On July 5, 2017, Petitioner refiled his response with a completed certificate of service. ECF No. 23.  On July 19, 2017, Respondent filed a Reply. ECF No. 25. On September 15, 2017, this matter was transferred to the undersigned pursuant to an Order entered by the Honorable Gina M. Groh, Chief United States District Judge.

## II. Relevant Facts and Procedural History

### A. Indictment, Trial and Direct Appeal

On January 10, 2010, Petitioner was indicted by a Ohio County grand jury on two counts of sexual assault in the second degree in violation of W. Va. Code § 61-8B-4(a)(1); four counts of sexual assault in the first degree in violation of W. Va. Code § 61-8B-7(a)(3); one count of burglary in violation of W.Va. Code § 61-3-11; and one count of attempted unlawful assault in violation of W.Va. Code §§ 61-11-8(2) and 61-2-9(a).[1] ECF No. 16-1. Following a jury trial, Petitioner was convicted of five counts of felony sex charges, to-wit, the two counts of sexual assault in the second degree and three of the counts of sexual assault in the first degree.[2] ECF No. 16-2. Thereafter, the State of West Virginia filed a Recidivist Information alleging that Petitioner was the same individual convicted of three felony offenses, to-wit, sodomy in 1978; unlawful assault in 1982; and driving under the influence of alcohol, third offense in 2001. Id. A sentencing hearing was conducted on January 31, 2006, and on February 13, 2006, the trial judge entered an order which first found that the three prior felony offenses were all violent offenses. Id. at 4. In addition, the trial judge found that the triggering offense giving rise

---

[1] The victim of the alleged sexual assaults set forth in counts 1, 2, 3, 4, and 5 is identified in the indictment as A.M.K., a female who was 15 at the time. ECF No. 16-1 at 3-5. The victim of the sexual assault in count 6 was an adult female.

[2] Respondent did not attach any trial transcripts or the jury verdict. However, counts 1-5 all dealt with an incident that allegedly took place on September 30, 2005, and involved certain sex acts upon the same minor victim. Counts 6-8 involved two different alleged victims for acts committed on two other occasions. More specifically, a sexual assault on an adult female with a related burglary, and an unrelated attempted unlawful assault on a male victim on another date. Upon defense motion, the court ordered the counts be severed for trial, with counts 1-5 being tried on September 8, 2005. ECF No. 16-3 at 5. It is unclear what the final disposition of the other three counts was.

to the Recidivist Information, Count 5 of the indictment for sexual abuse in the first

degree was also a violent offense. Id.  Petitioner was then sentenced as follows:

1. As to Count 1 of 'Sexual Assault, Second Degree', the Defendant is sentenced to not less than 10 nor more than 25 years in the state penitentiary;

2.  As to Count 2 of 'Sexual Assault, Second Degree', the Defendant is sentenced to not less than 10 nor more than 25 years in the state penitentiary;

3. As to Count 3 of "Sexual Abuse, First Degree', the Defendant is sentenced to not less than 1 nor more than 5 years in the state penitentiary;

4. As to Count 4 of 'Sexual Abuse, First Degree'', the Defendant is sentenced to not less than 1 nor more than 5 years in the state penitentiary;

5. As to Count Five of 'Sexual Abuse, First Degree', the triggering offense for the Recidivist Information, the Defendant is sentenced to a life sentence.

ECF No. 16-2 at 4-5. The sentencing order also included a recommendation that

Petitioner not receive parole. Id. at 5. Finally, the sentencing order appointed

Petitioner's trial counsel, Andrew Mendelson as appellate counsel. Id.

On March 5, 2006, Petitioner, by counsel, filed a Notice of Intent to Appeal which

listed seven grounds for appeal:

(1) The verdict of guilty was contrary to weight of the evidence in that the evidence was manifestly inadequate;

(2) The verdict of guilty was not supported by substantial evidence such was sufficient to convince impartial minds of the guilt of the defendant beyond a reasonable doubt;

(3) Prejudicial opening remarks of the Circuit Court when the Court misspoke and announced that the trial was going to be on an eight count indictment and proceeded to list the specific crimes charged therein;

(4)  Ineffective assistance of counsel occasioned by lack of attorney/ client relationship[3];

---

[3] Again, because Respondent did not include any records from the criminal proceedings, other than the indictment and the sentencing order, it is not absolutely clear who trial counsel were.

(5) Allowing the complaining witness to testify despite the court's knowledge that she had intentionally destroyed potential exculpatory evidence;

(6) Failure to dismiss or merge cumulative counts of the indictment which violated double jeopardy; and

(7) Cumulative error.

ECF No. 16-3 at 4-7.

On July 20, 2006, Petitioner was resentenced to allow for a timely appeal.[4] Petitioner was resentenced again on January 2, 2007, to allow for a timely appeal. ECF No. 16-5 at 2.

On February 6, 2007, despite the fact that a Notice of Appeal was pending, and he had just been resentenced to allow for a timely appeal, Petitioner filled a *pro se* Petition for Writ of Habeas Corpus in the circuit court alleging ineffective assistance of counsel for failing to file a direct appeal and failing to perform any investigation. ECF No. 16-6 at 5. On February 20, 2017, the Petition was denied as moot in light of the resentencing on January 2, 2017. Thereafter, Petitioner was again resentenced on May 7, 2007 ECF No. 18-8 at 2], and February 26, 2008, to allow for a timely appeal. ECF No. 16-9 at 2.

Petitioner filed an original jurisdiction habeas in the Supreme Court of Appeals of West Virginia ("SCAWV"), which asked the Court to examine whether he had been denied his right to appeal due to ineffective assistance of counsel on appeal, and whether the trial court abused its discretion in failing to dismiss the appeal. On

---

However, based on the records available, it appears that prior to sentencing, Petitioner was represented by Mr. Barnabei and Mr. Olejasz.

[4] The Order noted that the trial court had appointed co-counsel, Kevin Neiswonger, to assist in the appeal because neither he, nor Andrew Mendelson were involved in the jury trial and verdict being appealed.

November 5, 2008, a rule to show cause was issued, directed against Respondents

Andrew Mendelson and Kevin Neiswonger to show cause why an appeal had not been

filed on behalf of Petitioner. In response, counsel indicated that were ready to file the

appeal and asserted that they would have done so already if not for Petitioner's erratic

behavior. This behavior included giving counsel inconsistent directives, making

allegations against them, including the filing of a complaint with the Lawyer Disciplinary

Board that was ultimately dismissed due to lack of evidence, and ordering counsel to

stop working on the appeal. The SCAWV found that "[d]espite these delays allegedly

caused by the Petitioner, they had a duty to move the appeal forward. When

disagreements arise between counsel and client, counsel has wide deference and

should proceed using his best professional judgment. 'Where a counsel's performance,

attacked as ineffective, arises from occurrences involving strategy, tactics and arguable

courses of action, his conduct will be deemed effectively assistive of his client's

interests, unless no reasonably qualified defense attorney would have so acted in the

defense of an accused.'" State ex rel. Gray v. Ballard, 227 W.Va. 265, 266, 708 S.E.2d

459, 460 (2009) (internal citations omitted) ("Gray I").  Accordingly, the SCAWV

concluded that Petitioner was not entitled to habeas corpus relief, but that he was

entitled to have an appeal filed forthwith. The case was then remanded to the Circuit

Court of Ohio County with directions to resentence Petitioner for purposes of renewing

the time period for appeal. Id. On February 3, 2009, Petitioner was resentenced to allow

for a timely appeal. ECF No. 16-10 at 2.

On March 17, 2009, the Petition for Appeal was filed. ECF No. 16-11. Counsel

raised the following assignments of error:

    A.  THE TRIAL COURT DENIED PETITIONER A FAIR TRIAL IN NOT
        IMPOSING CERTAIN SANCTIONS UPON THE STATE OF WEST VIRGINIA
        DUE TO THE FACT THAT THE VICTIM'S DIARY WAS PARTIALLY
        DESTROYED BY HER DESPITE DIRECTIVES TO MAINTAIN ITS
        CONDITION.

        1.  THE TRIAL COURT ERRED IN FAILING TO EXCLUDE THE
           TESTIMONY OF THE ALLEGED VICTIM.
        2.  THE TRIAL COURT DENIED PETITIONER A FAIR TRIAL BY
           REFUSING TO FIND THAT SPOILIATION OF EVIDENCE HAD
           OCCURRED AND IN FAILING TO GIVE A SPOILIATION
           INSTRUCTION TO THE JURY.

    B.  THE TRIAL COURT ERRED BY FAILING TO DISMISS COUNT II AND IV
        OF THE INDICTMENT AS BEING DUPLICITOUS.[5]

    C.  THE PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHT TO AN
        EFFECTIVE ATTORNEY ATTORNEY/CLIENT RELATIONSHIP.

    D.  THE TRIAL COURT VIOLATED PETITIONER'S CONSTITUTIONAL RIGHT
        TO A TRIAL BY AN IMPARTIAL AND OBJECTIVE JURY WHEN IT
        MISTAKENLY ADVISED THE POENTIAL JURORS IN ITS PRELIMINARY
        INSTRUCTIONS THAT THE DEFENDANT HAD BEEN CHARGED WITH AN
        EIGHT COUNT INDICTMENT.

ECF No. 16-11 at 6.

    Pursuant to Anders vs. State of California, 386 U.S. 738 (1964), counsel

submitted the following assignments of error to be pursued by Petitioner:

    1.  Multiple issues of ineffective assistance of counsel:

        a.  Failure of Trial Counsel to provide the Petitioner with photographs.

        b.  Failure of Trial Counsel to provide the Petitioner with certain
           documents for his review.

        c.  Failure of Trial Counsel to call a rebuttal DNA witness.

---

[5] In the body of the appeal, counsel argued that if two statutes contain identical elements of
proof, the presumption is that double jeopardy principles have been violated unless there is a
clear and definite statement of intent by the legislature  that cumulative punishment is
permissible.

    d.  Failure of Trial Counsel to allow the Defendant to view the "scene of the crime."

    e.  Failure of Trial Counsel to prevent the introduction into evidence of photographs of bruises on the alleged victim's arms.

    f.  Failure of Trial Court to object to a faulty indictment.

    g.  Failure of Trial Counsel to send jury questionnaires to potential jurors.

    h.  Failure of Trial Counsel to ask where the photos of the victim originated.

    i.  Failure of Trial Counsel to subpoena Dr. Burkland to testify.

    j.  Failure of Trial Counsel to call any rebuttal witnesses at all.

    k.  Failure of Trial Counsel's private investigator to prove the Petitioner's innocence.

    l.  Failure of Trial Counsel to ask certain questions that the Petitioner desired to be asked during trial.

    m.  Failure of Trial Counsel to prevent the admission of a phone call made by the Petitioner to the police department asking of any warrants existed for his arrest for sexual assault.

2.  Trial Court erred in permitting the Petitioner's former attorney to testify at his recidivist proceeding.

3.  The Doctor who examined the alleged victim never interviewed any witnesses.

4.  The imposition of consecutive sentences is improper.

5.  Two jurors should not have been permitted to serve on the jury.

6.  The Court erred in allowing the victim's father to remain in the Courtroom when he worked with one of the potential jurors.

7.  Medical records of the alleged victim were incomplete.

8.  Petitioner was indicted on an erroneous code section.

9.  Petitioner received an illegal life sentence, since he did not actually serve "prison" time on one of his prior felonies.

10. Petitioner's convictions violate double jeopardy principles.

11. It was error by the Trial Court to admit DNA evidence against Petitioner.

ECF No. 16-11 at 23-25.

On June 17, 2009, the SCAWV refused the petition for appeal. ECF No. 2-2.

Petitioner then requested that the Supreme Court of the United States ("SCOTUS") grant him an extension of time to file his petition for a writ of certiorari. On September 25, 2009, the Chief Justice extended the time to and including November 13, 2009. ECF No. 16-13. The petition for writ of certiorari was filed on November 9, 2009, and placed on the docket December 17, 2009. ECF No. 16-14. On February 22, 2010, the petition was denied. ECF No. 16-15.

## B.  State Post-Conviction Proceedings

On May 26, 2010, the Circuit Court received a motion for appointment of counsel to assist with a habeas petition ECF No. 16-16. The circuit court denied the motion because it was filed in Petitioner's criminal case and there was no separate civil proceeding instituted. ECF number 16-17. On July 25, 2010, Petitioner filed a *pro se* habeas petition [ECF No. 16-18] in which he raised the following grounds for relief:

1. Circuit Court's failure to provide an adverse inference jury instruction regarding spoliation;

2. Circuit Court's failure to dismiss Counts 2 and 4 as duplicitous;

3. Ineffective assistance of counsel on the basis that the attorney-client relationship was damaged and because Petitioner's threat of violence to his counsel demonstrated the damaged relationship;[6]

---

[6] Again, the trial transcripts have not been provided. However, it appears that at some point during trial, Petitioner informed Mr. Barnabei that he was to "bust" him in the mouth. ECF No. 16-11 at 20.

4.    Additional assignments of issues: (a) trial counsel failure to subpoena Dr. Burkland, (b) trial counsel failure to call a rebuttal DNA witness or hire an expert, (c) trial counsel failure to discover evidence in possession of the State, (d) counsel's failure to have victim's father removed from the courtroom because two jurors worked with him, (e) counsel labored under a prejudicial conflict of interest, (f) denial of the opportunity to cross-examine witnesses, (g) prosecution intentionally failed to collect and preserve evidence potentially favorable to the defense, and (h) failure by trial court and his counsel to give proper jury instructions on every element of the offenses;

5.    Cumulative effect of error; and

6.    Potential other errors to be presented after counsel was appointed.

On August 6, 2010, the circuit court entered an order denying Petitioner's habeas petition. ECF No. 16-19. On September 3, 2010, the circuit court entered an amended order properly listing the matter under Case No. 07-C-67 rather than Case No. 05-F-2. ECF No. 16-20.

On August 20, 2010, Petitioner gave notice of his intent to appeal. ECF No. 16-21. On September 20, 2010, Petitioner filed a Petition for Appeal. ECF No. 16-22. Petitioner argued that the circuit court abused its discretion in denying his petition because it should have given him legal counsel and an omnibus hearing. On November 9, 2010, the SCAWV issued an order granting the petition and remanding the matter for appointment of counsel and an omnibus hearing. ECF No. 16-24.

On January 24, 2011, following a remand from the SCAWV, the circuit court appointed Christopher Scheetz to represent Petitioner in the prosecution of his habeas corpus petition. ECF No. 15-25. In October 2011, Petitioner wrote to the court with concerns regarding lack of contact from his attorney, Mr. Scheetz. The court, in turn, forwarded Petitioner's letter to Mr. Scheetz, and asked that he contact petitioner and address Petitioner's concerns accordingly. In April 2012, Petitioner again wrote to the

court regarding his lack of contact with his attorney, Mr. Scheetz. A status hearing was scheduled for May 21, 2012, at which time Petitioner, via videoconference, discussed the status's case with the court and with Mr. Scheetz. Following that status conference, an order was entered June 11, 2012, which reflected the occurrences during the hearing. Of particular note, Petitioner acknowledged that he was satisfied after receiving the update regarding his habeas corpus proceeding. However, subsequent to the hearing, Mr. Scheetz filed a motion to withdraw as counsel for Petitioner. Said Motion was granted, and Mark Panepinto was appointed to represent Petitioner in his habeas petition. On July 22, 2014, Mr. Panepinto filed a certificate of no merit with the court.[7] On August 14, 2014, the circuit court issued an order denying Petitioner's habeas petition. In its order, the court stated:

> every effort had been made to permit Petitioner to pursue a Petition for Writ of Habeas Corpus. Notwithstanding the efforts of the Court and Petitioner's various counsel, it now appears that there are no valid grounds upon which Petitioner could pursue a Petition for Writ of Habeas Corpus. Indeed this position has been certified by a well-respected and long-standing member of the legal community, in particular the criminal defense bar. Given this certification, the Court **FINDS** that it would be contrary to judicial economy to permit this action to continue.

ECF No. 16-25 at 4. Accordingly, the court denied Petitioner's Petition for Writ of Habeas Corpus as being without merit and dismissed the same from the Court's active docket. Id.

---

[7] In particular, counsel certified that he performed a thorough review of approximately 2200 pages and documents, including full trial transcripts of the underlying criminal case as well as all prior actions utilized for the recidivist proceeding against Petitioner. He further certified that based upon the review of the totality of the documents and information obtained after discussion with former counsel for Petitioner, that he could not ethically, and within the applicable rules, argue any of the issues asserted in the original habeas corpus petition. Additionally, he certified that it was his belief that there existed no other viable grounds for habeas corpus relief by virtue of an amended petition as any habeas action would have no merit. 16-24 at 2.

On August 27, 2014, Petitioner filed a notice of appeal. ECF No. 16-26. On November 18, 2014, Petitioner filed his appeal. ECF No. 16-27. He listed two assignments of error:

1. The Petitioner asseverates the Circuit Court on August 13, 2014, abused his discretion and erroneously dismissed his petition for writ of habeas corpus without holding an evidentiary hearing based upon court-appointed counsel's filing of a Certificate of No Merit. This in essence violated the Petitioner's constitutional rights guaranteed by the Due Process Clause of the 14th Amendment of the United States Constitution and under Article III § 10 and § 14 of the West Virginia Constitution.

2. The Petitioner asseverates the circuit court's August 13, 2014 Order dismissing his petition for a writ of habeas corpus failed to make specific findings of fact and conclusions of law regarding the cognizable issues raised in violation of W. Va. Code § 53-4A-7(c).

Id. at 3. In addition, Petitioner filed a brief in support of his appeal. ECF No. 16-28.

While the matter was still pending, Petitioner filed an original jurisdiction habeas petition with the SCAWV. ECF No. 16-29. However, said petition amounts to a mere filing of copies of the same documents he had previously filed in the circuit court. More specifically, the first document was the petition previously filed in February 6. 2007 [ECF No. 16-6], in which the Petitioner listed two grounds for relief: (1) denial of a direct appeal and ineffective assistance of counsel for failing to perform any investigation. The second document was the petition filed in the circuit court on July 25, 2010 [ECF 16-17],wherein Petitioner raised six grounds for relief: (1) circuit court's failure to provide an adverse inference jury instruction regarding spoliation; (2) circuit court's failure to dismiss counts 2 and 4 as duplicitous; (3) ineffective assistance of counsel on the basis that the attorney-client relationship was damaged and because Petitioner's threat of violence to his counsel demonstrated the damaged relationship; (4) ineffective counsel

for: (a) failure to subpoena Dr. Burkland, (b) failure to call a rebuttal DNA witness or hire

an expert, (c) failure to discover evidence in possession of the state, (d) failure to have

the victim's father removed from the courtroom because two jurors worked with him, (e)

prejudicial conflict of interest, (f) failure to properly cross-examine witnesses, (g)

prosecution failed to collect and preserve evidence potentially favorable to him out of

bad faith, and (h) failure to give proper jury instructions on every element of the offense;

(5) cumulative effect of error; and (6) potential other areas. Respondent filed a summary

response/motion to dismiss ECF No. 16-30.

   The SCAWV consolidated the appeal of Petitioner's habeas petition with the

original jurisdiction habeas petition. ECF No. 16-31. Ultimately, the SCAWV issued a

memorandum decision on June 26, 2015, affirming the circuit court's denial of

Petitioner's habeas petition and denying petitioner's original jurisdiction habeas petition

ECF No. 16-32 ("Gray II"). The SCAWV noted in footnote two of the opinion that

"Petitioner does not dispute that his prior felonies were for violent sexual offenses." Id.

at 3. The SCAWV found no error in the decision of the Circuit Court of Ohio County and

affirmed his August 13, 2014 order that denied Petitioner's petition for writ of habeas

corpus. Moreover, because the Petitioner's original jurisdiction habeas petition raised

the same issues as his appeal, the court also denied that petition. In so doing, the

SCAWV ruled as follows:

> On appeal, petitioner first argues that our November 9, 2010, remand
> order directed the holding of an ominous hearing on his habeas petition.
> Respondent warden counters that since entering our decision in Purdue v.
> Coiner, we have consistently held that a circuit court may deny a habeas
> petition without a hearing 'if the petition, exhibits, affidavits or other
> documentary evidence filed therewith show to such court's satisfaction
> that the petitioner is entitled to no relief.' We find that the Circuit Court
> substantially complied with our remand order by twice appointing counsel

to represent petitioner in his habeas proceeding. Both Mr. Scheetz and Mr. Panepinto concluded that ethical rules barred them from filing an amended petition on petitioner's behalf because such rules prohibit attorneys from raising unsupportable grounds. Mr. Scheetz further stated that the record reflected that petitioner 'intentionally created a conflict with his attorneys in his criminal matter. Mr. Scheetz's statement is consistent with Gray I, in which we noted that petitioner's erratic behavior included 'giving counsel inconsistent directives' and 'making [unproven] allegations against them.' Given such a record, we cannot say that the Circuit Court erred in declining to hold an omnibus hearing on the petition.'

Second, petitioner asserts that the circuit court's findings are inadequate to support its conclusion that his claims were 'without merit.' Respondent warden counters that the findings were adequate. We find that the only arguably viable claim was ineffective assistance of counsel, in large part, because that issue often must be litigated in a habeas proceeding. However, as discussed supra, the record reflected that petitioner caused his problems with counsel. Moreover the circuit court clearly found that 'every effort has been made to permit [petitioner] to pursue' a habeas petition, but that '[petitioner]'s various [p]etitions, the applicable law [,] and the [c]ourt file' showed that there were no valid grounds for habeas relief. In the circumstances of this case, we determined that no need exists for a remand for more comprehensive findings. Therefore, we conclude that the circuit court did not abuse its discretion in denying petitioner's habeas petition.

ECF No. 16-32 at 5-6 (internal citations omitted).

On November 2, 2015, Petitioner filed yet another habeas petition. ECF No. 34.

Petitioner raised seven grounds:

A. Petitioner was denied procedural and substantive due process of law as secured by the 5th and 14th Amendments to the Constitution of the U.S.A. and the Eighth Amendment to the U.S. Constitution when the Sentencing Court imposed a habitual life sentence upon petitioner after his conviction for Sexual Abuse in the First Degree, W. Va. Code § 61–8B–7 in 2005.[8]

B. Petitioner was denied procedural and substantive due process of law as secured by the Fifth and Fourteenth Amendments to the Constitution of the USA when the Sentencing Court imposed a habitual

---

[8] In summary, Petitioner argued that the 1970s sentence for sodomy was not a valid predicate conviction for the imposition of a life sentence because the state legislature decriminalized conceptual acts of oral copulation between adults prior to the recidivist proceedings in 2005.

life sentence upon petitioner after his conviction for sexual abuse in the 1st degree, W. Va. Code § 61-8B-7 in 2005.[9]

C.  Petitioner was denied procedural and substantive due process of law as secured by the Fifth and Fourteenth Amendments of the Constitution of the U.S.A. when the Sentencing Court imposed a habitual life sentence upon petitioner predicated on petitioner's conviction for Driving Under the Influence in 2003.[10]

D.  Petitioner was denied a sentence proportionate to the character and degree of the offense as guaranteed by Article III, § 5 of the Constitution of West Virginia.

E.  Petitioner was denied his right to effective and meaningful assistance of counsel as secured by the 1st, 6th and 14th Amendments to the Constitution of the USA, due to his attorney's acts of commission and acts of omission during the pre-trial phase, the guilt determination phase, the sentencing phase, the appellate phase, and the post-conviction phase.

F.  Petitioner was denied due process of law as secured by Fifth and Fourteenth amendment to the U.S. Constitution when a habitual life sentence was imposed on petitioner based on former conviction of Driving Under the Influence, Third Offense.

G.  Petitioner was denied a fair and impartial jury trial when the Court failed to properly instruct the petit jury on the possible verdict for Sexual Assault in the Second Degree.

On February 3, 2016, the Circuit Court denied Petitioner's habeas petition.  In reaching its decision, the circuit court noted that Petitioner previously filed a direct appeal to the Supreme Court as well as a Petition for Writ of Habeas Corpus, and Petitioner was represented by an attorney during both of these proceedings. In addition,

---

[9] In summary, Petitioner argued that the 1982 conviction for unlawful wounding was not a valid predicate conviction for the imposition of a habitual life sentence because the Circuit Court of Marshall County imposed a de facto misdemeanor sentence of one year in the county jail as allowed by the relevant statute.

[10] In summary, Petitioner argued that his conviction for Driving Under the Influence of Alcohol was not a proper predicate conviction, because the sentence imposed was served at the Denmark Correctional Center in Pocahontas County jail and not at the Mount Olive Correctional Center, the designated replacement for the West Virginia Penitentiary.

the circuit court found that Petitioner had never before asserted any of the grounds he

asserts in the instant petition. In addition, the court noted that both of Petitioner's

appointed attorneys, in his habeas petition, advised the court that his prior habeas

petition had no merit. More specifically, the Circuit Court noted that

> "both attorneys analyzed the entirety of Petitioner's underlying criminal file
> not just to determine whether the allegations contained in his Petition had
> merit, but to also determine whether there were any additional grounds
> upon which to base a Petition for Writ of Habeas Corpus. Neither attorney
> could find a claim which they could 'ethically 'and appropriately pursue.
> Moreover, the Supreme Court reviewed the dismissal of Petitioner's
> previously filed  habeas corpus petition, both through Petitioner's appeal
> of the same as a well as his original filing in the Supreme Court of
> Appeals. Notably, the Supreme Court upheld the dismissal Petitioner's
> previously filed Habeas Corpus Petition."

 ECF No. 16-35 at 7. Therefore, the circuit court found that the grounds set forth in this

final habeas petition had been previously adjudicated and/or waived pursuant to W. Va.

Code § 53-4-1.

On February 29, 2016, Petitioner filed a notice of appeal. ECF No. 16-36. His

petition for appeal was filed on May 8, 2016 and listed four assignments of error:

1. Did the Circuit Court erred [sic] when the Court refused to adjudicate a claim that petitioner was denied due process of law secured by the 5th and 14th Amendments to the Constitution of the U.S.A. and the 8th Amendment to the U.S. Constitution when the Sentencing Court imposed a habitual life sentence upon the petitioner after his conviction for violating W. Va. Code § 61-8B-7 in 2005?

2. Did the Circuit Court err when the Court refused to adjudicate a claim that petitioner was denied due process of law secured by the 5th and 14th Amendments to the U.S. Constitution and the 8th Amendment to the U.S. Constitution when the sentencing Court imposed a habitual life sentence despite the absence of two valid convictions and two sentences to the penitentiary?

3. Did the Circuit Court err when the Court refused to adjudicate Petitioner's claim for relief when he was denied his right to meaningful and effective assistance of counsel during sentencing and post-conviction proceedings?

4.   Petitioner was denied a fair and impartial jury when the court failed to properly instruct the petit jury on the possible verdicts for sexual assault in the 2nd Degree?

ECF No. 16-37 at 6. Respondent filed a brief asserting *res judicata*. ECF No. 16-38. Petitioner

filed a reply brief. ECF No. 16-39. On June 20, 2017, the SCAWV held that Petitioner claims

were barred by *res judicata* except for his ineffective assistance of habeas counsel claims,

which the SCAWV found were without merit. ECF No. 16-40. With respect to *res judicata*, the

SCAWV found as follows:

Pursuant to syllabus point two of <u>Losh</u>, the doctrine of *res judicata* bars successive habeas petitions following an omnibus hearing, which usually comprises of (one) appointment of counsel; and (2) an evidentiary hearing. However, in <u>Gray II</u>, we affirmed the Circuit Court's denial of habeas relief without a hearing because the breakdowns in petitioner's relationships with his various attorneys (including his first habeas attorney) could be traced to his erratic behavior, which included 'giving counsel inconsistent directives' and 'making [unproven] allegations against them.' In its order denying petitioner's prior petition in <u>Gray II</u>, the circuit court found that 'every effort had been made to permit [petitioner] to pursue habeas relief. Therefore, we conclude that, under the facts and circumstances of this case, petitioner's prior proceeding in <u>Gray II</u> qualifies as an omnibus habeas corpus proceeding under syllabus point two of <u>Losh</u>.

In syllabus point four of Losh, we held that a prior omnibus proceeding is res judicata as to all matters raised and as to all matters known, or, with reasonable diligence, could have been known, but that a habeas petitioner "may still petition the Court on the following grounds: ineffective assistance of [habeas] Council [.]' We find that every ground raised in petitioner's instant habeas petition is barred by the doctrine of res judicata except for ineffective assistance of habeas counsel which we address separately.

ECF No. 40 at 5. On February 21, 2017 the SCAWV issued the mandate in the matter. ECF

No. 16-41.

### III. **The Pleadings**

### A.  **The Petition**

16

In his pending Section 2254 petition, Petitioner raises four grounds for relief. However, each ground has subparts.

**Ground One**: "Petitioner was denied due process of law as secured by the 5th and 14th Amendments to the U.S. Constitution when the [Trial] Court failed to properly instruct the jury on the elements of second degree assault." ECF No. 1 at 4. This a straight forward claim. However, in discussing the supporting facts for this claim, it appears that Petitioner is making three different claims with respect to this ground.

First Petitioner argues that the two counts of sexual assault actually involved one continuous act. However, following his conviction, he notes that he received consecutive sentences on each count. Therefore, although not expressly stated, Petitioner is making a claim of double jeopardy.

Next, Petitioner alleges that his trial counsel, David Barnabei and Michael Olejasz did not request the court to instruct the jury as to lessor included offenses. More specifically, Petitioner alleges that counsel did not request an instruction on either sexual abuse in the first degree, sexual assault in the third degree, or battery as lessor included offenses. Therefore, he is making a claim of ineffective assistance of trial counsel.

Finally, Petitioner alleges that he was denied a fair and impartial jury when the trial court failed to instruct the jury on the possible verdicts for sexual assault in the second degree.

**GROUND TWO**: "Petitioner was denied due process of law as secured by the 5th and 14th Amendments to the U.S. Constitution and the 8th Amendment to the U.S. Constitution when the Sentencing Court imposed a habitual life sentence despite the

absence of two valid convictions for violent crimes and two sentences to the penitentiary." ECF No. 1 at 6.

In this ground, Petitioner maintains that his conviction in 1975 for violating W.Va. Code § 61-8-13 (1975) is not a valid conviction for purposes of the recidivist statute. Petitioner then focuses his argument on the validity of that 1975 conviction by alleging that: (1) the indictment was flawed; (2) the jury selection was flawed; (3) ineffective assistance of counsel in with respect to his plea; and (4) his sentence was invalid.

**GROUND THREE**: "Petitioner was denied his constitutional right to due process of law as guaranteed by the U.S. Constitution when the State failed to identify two prior violent felony convictions and two felony sentences to the penitentiary as required by WV Code § 61-11-[18](c) and the 8th Amendment to the U.S. Constitution." ECF No. 1 at 9.

In this ground Petitioner again attacks his 1975 conviction for the same four reasons set forth in Ground two. In addition, he attacks his 1985 conviction for unlawful wounding as an invalid predicate offense. More specifically, he alleges that: (1) the grand jury selection process was flawed; (2) ineffective assistance of counsel with respect to his plea; (3) he was never sentenced to the penitentiary and his actual period of confinement was less than one year; and (4) the plea agreement specified that the state would not file an information against him pursuant to habitual criminal statute as a result this matter. Finally, he alleges that driving under the influence of alcohol, third offense, is not inherently a violent felony.

**GROUND FOUR**: "Petitioner was denied due process of law as secured by the 5th, 8th and 14th Amendments to the U.S. Constitution and the meaningful assistance of counsel as secured by the 6th Amendment to the U.S. Constitution. ECF No. 1 at 15.

In this ground, the Petitioner alleges that six different counsel were ineffective. First[11], he alleges that his trial counsel Mr. Barnabei and Mr. Olejasz were each ineffective for: (1) failure to request a lesser included instruction, (2) failure to challenge division of one continuous act of sexual intrusion into two separate acts of sexual assault in the second degree;  (3) failure to undertake any meaningful investigation of the predicate offenses in the recidivist information; (4) failure to challenge imposition of life sentences for vagueness and because DUI is not inherently violent crime; (5) failure to know that the 1982 conviction for unlawful assault and the 2001 conviction for D.U.I. were nonviolent crimes; and (6) failure to argue that a recidivist life sentence predicated on two minor felonies over a quarter of century earlier is disproportionate.

Next, he alleges that his appellate counsel, Mr. Mendelson was ineffective for the following five reasons: (1) failure to contest the sodomy conviction based on the repeal of W. Va. Code § 61-8-3 prior to entry of the guilty plea; (2) failed to identify as trial error the failure of the trial judge to instruct the jury on the lesser included offense of sexual assault in the second degree, i.e., battery, 1st degree sexual abuse, and 3rd degree sexual assault; (4) failed to identify as trial error the division of one continuous act of sexual intrusion into two separate acts of sexual assault in the second degree  as a violation of the Eighth Amendment to the United States Constitution; and (5) failed to challenge the imposition of life sentence when the State violated the due process clause

---

[11] Petitioner makes separate but identical claims against Mr. Barnabei and Mr. Olejasz. For the sake of expedience, the undersigned has combined the two.

of the 5th Amendment to the United States Constitution by depriving Petitioner of his liberty under criminal statute which is so vague that it fails to give ordinary people fair notice of the conduct it punishes and so standardless that it invites arbitrary enforcement.

In addition, he alleges that he was denied a timely appeal when Kevin Neiswonger delayed filing the petition for three years. He further alleges that Mr. Neiswonger provided ineffective assistance of counsel because he: (1)failed to contest the sodomy conviction, (2) failed to investigate the predicate offenses for the recidivist sentence, (3, failed to argue that the jury instructions were erroneous, (4) failed to argue one continuous act, and (5) failed to challenge imposition of a recidivist life sentence.

The fifth counsel that he alleges was ineffective, is Mr. Sheetz, his habeas counsel. His sole allegation against him is that he was ineffective by filing a Motion to withdraw and stating Petitioner had no viable ground for habeas relief.

The sixth and final lawyer that Petitioner alleges was ineffective is Mr. Panepinto. He alleges a single basis for his claim against Mr. Panepinto. Specifically, that he was ineffective in filing a certificate of no merit stating that Petitioner had no viable ground for relief.

## B. **Respondent's Motion for Summary Judgment**

Respondent argues that the Court should dismiss this petition because Petitioner failed to exhaust all the bases for his ineffective assistance of counsel claims. In addition, Respondent maintains that although Petitioner technically exhausted three of his four grounds, and even some of the basis for his fourth ground, Petitioner failed to exhaust all of his bases for the fourth ground. As such, Respondent argues that

Petitioner has presented a mixed petition that should be dismissed. Additionally, Respondent argues that Petitioner's remaining claims are procedurally barred because the State Court held that they were barred by *res judicata*. Respondent then provides the following analysis of each ground asserted in his section 2254 petition.

Petitioner's first ground is that he was denied due process "when the Court failed to properly instruct the jury on the elements of second degree sexual assault." ECF No. 1 at 4. However, Petitioner raises three subparts to this first ground. Specifically: (1) double jeopardy for the imposition of consecutive sentences, (2) ineffective assistance of trial counsel for not requesting instructions on lesser included offenses and (3) failure to instruct the jury on possible verdicts. Respondent acknowledges that Petitioner did raise his double jeopardy claim by raising it in his direct appeal. ECF No. 11 at . However, with respect to his claims regarding ineffective assistance of trial counsel for not requesting instructions on lesser included offenses, Respondent notes that while Petitioner raised a general ineffective assistance of trial claim in his direct appeal and thirteen specific ineffective assistance of trial counsel claims in the Anders section of his direct appeal, he did not raise any claim of ineffective assistance of trial counsel for not requesting lesser included offense instructions in his direct appeal. Respondent further notes that Petitioner first raised the issue of ineffective assistance of trial counsel for not requesting lesser included offense instructions in his third habeas petition before the Circuit Court, and he included that claim in his appeal of the denial of that petition. In addition, Respondent notes that Petitioner did not raise any claim of failure to instruct the jury on possible verdicts in his direct appeal. Rather, Petitioner first raised the issue of failure to instruct the jury on possible verdicts in his third habeas petition before the

Circuit Court, and he included this claim in his appeal of the denial of that petition. Therefore, Respondent maintains that while Petitioner may have technically exhausted ground one, he did not raise all of the bases for his claim, other than double jeopardy, until his third habeas petition which was found by the State Court to be barred by *res judicata*. Accordingly Respondent contends that Petitioner is now procedurally barred from raising any of these claims, other than double jeopardy. Furthermore, the Respondent argues that this Court should refuse to adjudicate this issue because Petitioner's fourth ground, as discussed below, is not exhausted.

With respect to Petitioner's second ground, that he was denied due process "when the Sentencing Court imposed a habitual life sentence despite the absence of two valid convictions for violent crimes in two sentences to the penitentiary," the Respondent notes that Petitioner is claiming four different bases as part of this ground. Specifically: (one) the 1975 indictment was flawed, (2) the 1975 jury selection process was flawed, (3) ineffective assistance of counsel in the 1975 at the plea, and (4) the1975 sentence was illegal. Respondent specifies that all four basis for Petitioner's claim are an attempt to attack a conviction from 1975 rather than his current conviction, and the only a proper issue for this Court is whether there was error in relying on the 1975 conviction as a basis for the recidivist conviction and sentence enhancement. Respondent  then argues that Petitioner did not raise any issue of the absence of two valid convictions for a recidivist sentence until his third habeas petition before the Circuit Court. However, Petitioner never made any assertion that he received ineffective assistance of counsel at the 1975 plea. Petitioner also raised the issue of the absence of two valid convictions for recidivist sentence in his appeal of his third habeas petition

including, raising for the first time, his claim of ineffective assistance of counsel at the 1975 plea. Therefore, respondent argues that although Petitioner may have technically exhausted ground two, because all his claims were not raised until his third habeas petition and were found by the state court to be barred by *res judicata*, Petitioner is now procedurally barred from raising this ground.

With respect to Petitioner's third ground, that he was denied due process when the State failed to identify two prior felony convictions and two felony sentences to the penitentiary, Respondent argues that Petitioner is claiming nine different bases in support of his claim.  More specifically Respondent maintains that Petitioner is alleging that (1) the 1975 indictment was flawed; (2) the 1975 grand jury selection process was flawed; ineffective assistance of counsel in 1975 at the plea; (4) the 1975 sentence was illegal; (5) the 1982 jury selection process was flawed; (6) ineffective assistance of counsel at the 1982 plea; (7) because his actual confinement was less than one year, it is not a felony despite the fact that the statue deems it to be a felony; (8) violation of the 1982 plea agreement not to use the matter as a recidivist enhancement; and (9) DUI third offense is not a violent felony. Respondent maintains that Petitioner did not raise any allegation regarding his recidivist sentence on direct appeal except to claim that a recidivist life sentence was improper because "he did not actually serve 'prison time' on one his prior felonies. ECF No. 16-11 at 25. Moreover, Respondent maintains that Petitioner did not raise any issue of failure to identify two prior violent felony convictions and two felony sentences to the penitentiary until his third habeas petition in the circuit court, but even then he did not assert that he received ineffective assistance of counsel in 1975 at the plea; the 1982 jury selection process was flawed; or that the recidivist

sentencing in this matter violated the terms of the 1982 plea agreement. Finally, although acknowledging that Petitioner raised these claims in his appeal of the third habeas, and therefore the claims are technically exhausted, Respondent notes they were found by the WVSCA to be barred by *res judicata.* Accordingly, Respondent argues that Petitioner is procedurally barred from raising this ground in his federal habeas petition.

Finally with respect to his fourth ground, which raises claims of ineffective assistance of counsel against six different lawyers, Respondent argues that although Petitioner raised a general ineffective assistance of trial counsel in his direct appeal and thirteen specific ineffective assistance of trial counsel in the Anders section of his appeal, none of Petitioner's claims in the Anders section provide the same bases for ineffective assistance of trial counsel as he now claims in this habeas petition. Moreover, although acknowledging that Petitioner raised two ineffective assistance of counsel claims in his first habeas petition, the first was that his appellate counsel failed to file an appeal. Therefore, Petitioner's claim regarding appellate counsel is not the same as that raised in his § 2254. Moreover Petitioner's counsel later filed an appeal making that issue moot. The second claim was that trial counsel failed to perform any investigation. However, Petitioner did not identify what investigation trial counsel failed to perform, and therefore, it is not the same allegation he now makes in his § 2254 petition. In addition, although Petitioner raised a general ineffective assistance of counsel in his second habeas petition before the circuit court and eight specific claims of ineffective assistance of trial counsel, none of those claims provide the same bases as he now claims in his § 2254 petition.  Nor, did Petitioner raise any ineffective of

assistance of counsel claim in either his first appeal or second appeal of his second habeas petition. Finally, although Petitioner did raise some of his current claims of ineffective assistance of counsel against all six attorneys in his third habeas petition, and the appeal therefrom, he did not raise each claim.  Moreover, because those claims which were raised, were found by the State Court to be barred by *res judicata*, Petitioner is now procedurally barred from raising the "technically" exhausted portions of ground four

**C.  Petitioner's Response.**

First Petitioner contests Respondent's claim that procedural default applies to any of his claims.  Petitioner cites the following provision of the West Virginia Code:

> [A] contention or contentions and the grounds in fact or law relied upon in support thereof shall be deemed to have been waived when the petitioner could have advanced, but intelligently and knowingly failed to advance, such contention or contentions and grounds before trial, at trial, or on direct appeal (whether or not said petitioner actually took an appeal), or in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article, or in any other proceeding or proceedings instituted by the petitioner to secure relief from his conviction or sentence, unless such contention or contentions and grounds are such that, under the Constitution of the United States or the Constitution of this State, they cannot be waived under the circumstances giving rise to the alleged waiver.

W.Va. Code § 53-4A-1(c).

In addition, Petitioner alleges that before a claim for relief becomes *res judicata*, the state court must appoint an attorney to enable the petitioner to prepare a suitable petition and the Court must hold an omnibus hearing. Petitioner maintains that he was not afforded meaningful assistance of counsel after the Supreme Court reversed the decision by the Circuit Court of Ohio County on August 6, 2010. The circuit court never afforded Petitioner an omnibus hearing even after the Supreme Court remanded the

case for a second time. After reciting additional procedural history, Petitioner notes that Mr. Panepinto, nine months after being appointed, filed a Certificate of No Merit. However, Petitioner alleges that Mr. Panepinto did not inquire into all the standard grounds for habeas corpus relief or secure an intelligent and knowing waiver of potential claims for relief from Petitioner before he filed his Certificate. Petitioner argues that the explicit order issued by the WVSCA was never fulfilled because the circuit court never afforded him an omnibus hearing and relied on counsel's Certificate of No Merit to denied Petitioner's application for postconviction relief and motion to correct an illegal sentence. After citing the standards set forth in W. Va. Code § 53-4A-1 *et seq.*, which defines an omnibus corpus hearing, Petitioner argues that the court did not inquire into the standard grounds for habeas corpus. Nor, did the Circuit Court secure a knowing and intelligent waiver from Petitioner on those grounds that were not asserted in the petition. He further argues that the 2014 order is not a comprehensive order, and it does not indicate the court notified Petitioner of his obligation to raise all grounds for post-conviction relief in one proceeding. Therefore, Petitioner argues that any proceeding in the circuit court after November 9, 2010, is not *res judicata* to any issue raised in his section 2254 petition.[12]

---

[12] Petitioner also refers the court to the decision in <u>Watts v. Ballard</u>, in which Mr. Panepinto also filed a Certificate of No Merit in language nearly identical to that which he filed in the instant case. On May 21, 2015, the circuit court denied Mr. Watts petition for a writ of habeas corpus. Mr. Watts appealed and the WVSCA remanded his case to the Circuit Court of Ohio County to make specific findings of fact and conclusions of law to support its ruling. More specifically, the WVSCA found that the order dismissing Mr. Watts petition failed to comply with W. Va. Code § 53-4A-7(c) as it was devoid of any findings of fact and conclusions of law addressing the grounds for relief asserted by Mr. Watts, and instead, merely relied upon the representations made by Mr. Panepinto. Petitioner maintains that the WVSCA insisted that the circuit court has a duty to determine the merits of Petitioner's claims independent of the assessment of petitioner's court-appointed counsel. Therefore, Petitioner argues that this Court should find that the Circuit Court of Ohio County failed to comply with the requisite provisions of the West

Petitioner then argues that each of the four grounds raised in his federal habeas petition are exhausted by virtue of his direct appeal and or third habeas petition, and he reiterates or amplifies his argument as to why he is entitled to relief. Finally, Petitioner requests that this Court consider the case of Erick Daniel Davila which was pending before the United States Supreme Court of Appeals at the time the response was filed.[13] Petitioner argues that when a decision is issued in that case, the Court may expand the Martinez[14] exception to state habeas attorneys who failed to make a claim against the attorney who filed the direct appeal.

**D.  Respondent's Reply**

Respondent first reviews the decision by the WVSCA which held that Petitioner's claims were barred by  *res judicata* and argues that said decision is correct, and as such, Petitioner's claim are barred by *res judicata*. In addition Respondent contends that Petitioner is requesting that this Court find that the circuit court erred in applying state law. Respondent argues that such a request is not appropriate for adjudication. Finally, the Respondent notes that the decision in Davila makes clear that the procedural bar is not lifted for any claim other than ineffective assistance of habeas counsel for not raising ineffective assistance of trial counsel.

**IV. Standard Of Review**

---

Virginia Code as it was devoid of any findings of fact and conclusions of law addressing the seven grounds for relief asserted by Petitioner, and the circuit court relied exclusively upon the representations made by Mr. Panepinto.

[13] Petition is referring to Davila  v. Davis, Director, Texas. Dept. of Criminal Justice, 137 S.Ct. 2058 (2017). The Court issued its decision on June 26, 2017, and is discussed in the analysis portion of this Report and Recommendation

[14] Martinez v. Ryan, 556 U.S. 1 (2012).

Title 28 U.S.C. §2254, as amended by the Antiterrorism and Effective Death Penalty act of 1996 ("AEDPA"), authorizes a federal district court to entertain a petition for habeas corpus relief from a prisoner in state custody, "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When determining the merits of a § 2254 petition, the district court applies the standards set forth in § 2254(d), which provides that the habeas petition of a person in State custody "shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim" is:

(1) contrary to, or involves an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d)(1) and (2). Moreover, the factual determinations by the state courts are presumed to be correct and are only rebutted upon presentation of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). Therefore, when reviewing a petition for habeas relief, the Federal Court uses a "highly deferential lens." DeCastro v. Branker, 642 F.3d 442, 449 (4th Cir. 2011).

A claim is generally considered to have been "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999). The "contrary to" and "unreasonable application clauses of § 2254)(1)(d) have separate and independent meanings. Williams v. Taylor, 529 U.S. 362 (2000). A state court decision warrants habeas relief under the "contrary to" clause "if the state court

28

arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to the Supreme Court's." Lewis v. Wheeler, 609 F.3d 291, 300 (4th Cir. 2010) (quoting Williams, 529 US at 405) (internal quotations omitted). A habeas writ may be granted under the "unreasonable application" clause if the state court "identifies the correct governing legal rule from the [Supreme] Court's cases but unreasonably applies it to the facts of the particular case." Id. at 300-01 (internal marks omitted).

Therefore, the AEDPA limits the habeas court's scope of review to the reasonableness, rather than the correctness, of the state court's decision. A federal court may not issue a writ under the standard "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established Federal law erroneously or incorrectly. Rather, the application must also be unreasonable." Williams, 529 US at 365.

## V. Analysis

### Procedural Default

Title 28, Section 2254 (b)(1)(A) of the United States Code provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ." See Meadows v. Legursky, 904 F.2d 903 (4th Cir. 1990) (a petitioner cannot petition for writ of habeas corpus in federal court until he has exhausted all of his state remedies), *superseded on other grounds by* Trest v. Cane, 522 U.S. 87 (1997); see also Mathews v. Evatt, 105

29

F.3d 907, 911 (4th Cir.), cert. denied, 522 U.S. 833 (1997) (exhaustion of state remedies requires petitioner to fairly present his claims to the state's highest court).

To exhaust state remedies in West Virginia, a prisoner must fairly raise the federal issue on direct appeal from his conviction, Moore v. Kirby, 879 F. Supp. 592, 593 (S.D.W. Va. 1995), or in a post-conviction proceeding pursuant to West Virginia Code § 53-4A-1 et seq., followed by an appeal to the West Virginia Supreme Court of Appeals.  Bayerle v. Godwin, 825 F.Supp 113, 114-15 (N.D.W. Va. 1993).

Additionally, Petitioner must show that the claims he raised in the state proceedings are identical to the claims he now seeks to raise in this federal habeas case. See Pitchess v. Davis, 421 U.S. 484, 487 (1975); see also Picard v. Connor, 404 U.S. 270, 275-76 (1971). The same factual grounds must be raised in support of the claims as well as the same federal (or other) legal theory for relief. Anderson v. Harless, 459 U.S. 4, 6 (1982).

In addition, "[f]ederal courts may not hear a section 2254 claim if a state court disposed of the claim on adequate and independent state-law grounds, unless the petitioner can show cause and prejudice for, or a fundamental miscarriage of justice resulting from, failure to comply with the applicable rule." Bostick v. Stephenson, 589 F.3d 160, 164 (4th Cir. 2009). "A rule is adequate if it is regularly or consistently applied by the state court . . .  and is independent if it does not depend on a federal constitutional ruling." Hedrick v. True, 443 F.3d 342, 359 (4th Cir. 2006) (internal citations and markings omitted) (ellipsis in original). The Fourth Circuit has held that a state procedural rule nearly identical to West Virginia Code § 53-4A-1(c), which creates a rebuttable presumption that a State habeas petitioner knowingly and intelligently

waives any claim that could have been presented during his State habeas proceeding but that was not presented at that time, constitutes an adequate and independent state law ground for decision. Mu'Min v. Prewett, 125 F.3d 192, 197 (4th Cir. 1997).

The Fourth Circuit has explained that "[a] procedural default is excusable under the cause and prejudice standard when the petitioner demonstrates (1) that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule, and (2) that errors at his trial . . . worked to his **actual** and substantial disadvantage, infecting his entire trial with areas of constitutional dimensions." Wolfe v. Johnson, 565 Fed 3d 140, 158 .27 (4th Cir. 2009) (internal markings and citations omitted) (ellipsis and emphasis in original).

Aside from his claim of double jeopardy, which was raised in his direct appeal, Petitioner did not raise any of his other claims for federal habeas relief until his third state habeas petition, and in fact, some of his claims were not raised until the appeal of that third habeas petition. Petitioner argues that procedural default does not apply because he was never afforded an omnibus hearing, and he never explicitly waived any issue. However, it its January 20l, 2017, Memorandum Decision affirming the circuit court's February 3, 2016, order denying Petitioner's third habeas petition, the WVSCA specifically found as follows:

> Pursuant to syllabus point two of Losh, the doctrine of res judicata bars
> successive habeas petitions following an omnibus proceeding, which
> usually comprises of (1) appointment of counsel; and (2) an evidentiary
> hearing. However, in Gray II, we affirmed the circuit court's denial of
> habeas relief without a hearing because the breakdowns in petitioner's
> relationships with his various attorneys (including his first habeas attorney)
> could be traced to his erratic behavior, which included "giving counsel
> inconsistent directives" and "making [unproven] allegations against them."
> In its order denying Petitioner's prior petition in Gray II, the Circuit Court
> found that "every effort has been made to permit [petitioner] to pursue'

habeas relief. Therefore, we conclude that, under the facts and circumstances of this case, the petitioner's prior proceeding in Gray II qualifies as an omnibus habeas corpus proceeding under syllabus point two of <u>Losh</u>.

In syllabus point four of <u>Losh</u>, we held that a prior omnibus proceeding is res judicata as to all matters raised and as to all matters known, or, with reasonable diligence, could have been known, but that a habeas petitioner 'may still petition the court on the following grounds: ineffective assistance of [habeas] Council [.] ' We find that every ground raised in petitioner's instant habeas petition is barred by the doctrine of res judicata except for ineffective assistance of habeas counsel, which we address separately.

ECF No. 16-40 at 5. (internal citations omitted).

To the extent that Petitioner advances the argument that the circuit court and/or the WVSCA failed to comply with W.Va. Cod § 53-4aA-7(c), Petitioner is advancing an argument that is not appropriate in a federal habeas petition. "Violations of state law and procedure that do not infringe specific federal constitutional protections are not cognizable in habeas." <u>Tesack v. Trent</u>, 22 F.Supp 2d 540, 547 (S.D.W. Va. 1988) (citing Estelle v. McGuire, 502 U.S. 62 (1991)). Petitioner has not identified any federal constitutional or statutory right to have a circuit court make extensive findings of fact and conclusions of law. To the contrary, petitioner asks this Court to enforce state code. This is not an appropriate claim herein.

Petitioner requests that this Court take notice when the United States Supreme Court issues its opinion in <u>Davila v. Davis, Director, Texas Dept. of Criminal Justice</u>, and apparently arguing that if Mr. Davila prevails, he will be allowed to make the claim, in a federal habeas corpus case, that the performance of his lawyer on direct appeal was deficient [and] expand the <u>Martinez</u> exception to state habeas attorney who failed to make a claim against the attorney filing the direct appeal. ECF No. 97 at 33.

In certain limited situations, state habeas counsel's ineffectiveness may excuse procedural default and permit a court to reach the merits of an ineffective assistance of a trial counsel claim. Trevino v. Thaler, 133 S.Ct. 1911 (2013) (citing Martinez  v. Ryan, 132 S.Ct. 1309 (2012)). However, since Petitioner filed his reply, the Court issued its decision in Davila and held that ineffective assistance of post-conviction counsel **does not** provide cause to excuse the procedural default of ineffective assistance of appellate counsel claims. 137 S.Ct. 2058, 2064-2070 (2017).

In conclusion, Petitioner has not established, nor even argued, that a fundamental miscarriage of justice will occur if the defaulted claims are not addressed on the merits. The undersigned will not construct Petitioner's arguments opposing procedural default for him.  Therefore, the undersigned concludes that all of Petitioner's claims are procedurally defaulted, except his claim that the two counts of sexual assault (Counts II and IV) involved one continuous act and violates double jeopardy.

In Rose v. Lundy, 455 U.S. (1982), the Court held that a federal district court may not adjudicate mixed petitions and imposed a requirement of total exhaustion, implemented by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to litigate the unexhausted claims.  At the time the Court issued this decision, ADEPA[15] had not been enacted, and there was no statute of limitations on federal habeas corpus petitions.  Therefore, dismissal without prejudice did not preclude petitioners from returning to federal court once their claims were exhausted in state court proceedings.

---

[15]In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 [AEDPA] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion.  28 U.S.C. 2255.

Today, when presented with a mixed petition, the Court ordinarily issues a stay and abeyance to allow the petitioner to return to state court and exhaust the claims which are unexhausted. However, in the instant case, given the finding of procedural default, it would be futile to grant a stay, because Petitioner clearly is precluded from returning to state court to exhaust the claims presented in addition to his double jeopardy claim. Therefore, this petition should be dismissed as a mixed petition unless the Petitioner complies with the procedure set forth in the undersigned recommendation below.

**VI.   Recommendation**

For the reasons set forth above, the undersigned recommends that the Respondent's Motion for Summary Judgment [ECF No. 26] be **GRANTED** and the Petition [ECF No.1] be **DISMISSED WITH PREJUDICE**. Provided, however, the undersigned further recommends that Petitioner be afforded the opportunity to withdraw his procedurally defaulted claims and proceed on his claim of double jeopardy with respect to Counts II and IV as being duplicitous as to Count 1 of the indictment.

**Within fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.   A copy of any objections should also be submitted to the United States District Judge.  **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright</u>

v. Collins, 766 F.2d 841 (4th  Cir. 1985);  United States v. Schronce, 727 F.2d 91 (4th Cir. 1984.

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.  The Clerk is further directed to provide a copy of this Report and Recommendation to counsel of record via electronic means.

Upon entry of this Report and Recommendation, the Clerk of Court is further **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: February 8, 2018.

*/s James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE