IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**ROSSI ANTHONY GRAY, JR.,**

Petitioner,

v.  CIVIL ACTION NO. 2:17-CV-39
(BAILEY)

**RALPH TERRY, Acting Warden,
Mount Olive Correctional Complex,**

Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert [Doc. 31]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on February 8, 2018, wherein he recommends this Court grant Respondent's Motion to Dismiss as Unexhausted and Procedurally Barred [Doc. 16] and dismiss with prejudice petitioner's § 2254 Petition [Doc. 1]. However, Magistrate Judge Seibert further recommends that petitioner be afforded the opportunity to withdraw his procedurally defaulted claims and proceed on his double jeopardy claim, which has been exhausted.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

1

recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due no later than March 1, 2018. Petitioner filed his Objections on February 27, 2018 [Doc. 33]. Accordingly, this Court will review the portions of the R&R to which the petitioner objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

After describing the relevant facts and procedural history, and analyzing such with regard to respondent's argument that petitioner's claims are procedurally defaulted, Magistrate Judge Seibert found that "[a]side from his claim of double jeopardy, which was raised in his direct appeal, Petitioner did not raise any of his other claims for federal habeas relief until his third state habeas petition, and in fact, some of his claims were not raised until the appeal of that third habeas petition" [Doc. 31 at 31]. Magistrate Judge Seibert further found that "Petitioner has not established, nor even argued, that a fundamental miscarriage of justice will occur if the defaulted claims are not addressed on the merits. The undersigned will not construct Petitioner's arguments opposing procedural default for him. Therefore, the undersigned concludes that all of Petitioner's claims are procedurally defaulted, except his claim that the two counts of sexual assault (Counts II and IV) involved one continuous act and violates double jeopardy" [Id. at 33]. Accordingly, Magistrate Judge Seibert recommended that Respondent's Motion to Dismiss [Doc. 16] be

granted, and that petitioner's § 2254 Petition [Doc. 1] be dismissed as a mixed petition, unless the petitioner was afforded the opportunity to withdraw his procedurally defaulted claims and proceed on his one exhausted claim regarding double jeopardy [Doc. 31 at 34].

In his Objections, petitioner does not present objections to Magistrate Judge Seibert's ruling that his claims are procedurally barred. Nor does petitioner present arguments that a fundamental miscarriage of justice will occur if the defaulted claims are not addressed on the merits. Instead, the vast majority of petitioner's Objections simply reargue issues petitioner presented in his previous state habeas petitions and appeals. All that petitioner argues with respect to Magistrate Judge Seibert's ruling that his claims are procedurally barred is that there is "an intervening development in [the] Supreme Court of Appeals of West Virginia [that] warrants consideration" [Doc. 33 at 1].

The "intervening development" petitioner refers to is his February 6, 2017, Rule 35(a) motion to correct an illegal sentence [Doc. 16-42], which was denied by the circuit court on March 21, 2017, [Doc. 16-43], and appealed to the Supreme Court of Appeals of West Virginia on March 30, 2017 [Doc. 16-44]. That appeal is still pending before the Supreme Court of Appeals of West Virginia. Therefore, petitioner argues that "[t]he constitutional claims for relief deem[ed] unexhausted by Magistrate [Judge] Seibert are clearly before the [West Virginia] Supreme Court of Appeals on appeal," [Doc. 33 at 13], and thus petitioner "asks this Court to order a stay and abeyance until the [West Virginia] Supreme Court of Appeals . . . issues their ruling" [Id. at 13–14].

Despite petitioner's assertion, his latest appeal is not an "intervening development." Petitioner seemingly believes Magistrate Judge Seibert did not consider his latest appeal when issuing his R&R, as petitioner states "[t]he Magistrate Judge's review of post-

3

conviction proceedings concluded with the decision of the [West Virginia Supreme Court of Appeals] on February 21, 2017" [Id. at 1]. While it is true Magistrate Judge Seibert did not list this latest appeal when he recounted petitioner's post-conviction proceedings, that does not mean he did not consider it when issuing his recommendation, and the appeal is certainly not "intervening." While petitioner's latest appeal was filed after the present federal habeas petition, it was only filed a few weeks after, and was part of the record before Magistrate Judge Seibert for review [Doc. 16-44].

While this Court believes it is clear Magistrate Judge Seibert did not simply ignore petitioner's latest appeal, as petitioner suggests, ultimately it is irrelevant. As Magistrate Judge Seibert explained:

> Today, when presented with a mixed petition, the Court ordinarily issues a stay and abeyance to allow the petitioner to return to state court and exhaust the claims which are unexhausted. However, in the instant case, given the finding of procedural default, it would be futile to grant a stay, because Petitioner clearly is precluded from returning to state court to exhaust the claims presented in addition to his double jeopardy claim.

[Doc. 31 at 34]. This Court agrees, and finds that it would be futile to grant the stay petitioner requests. This is particularly evident by the fact that the circuit court's denial of petitioner's Rule 35(a) motion, the appeal of which being the grounds petitioner now requests a stay, was because of procedural default [Doc. 16-43 at 5].

Finally, petitioner states "[i]f the Court finds that [the] current petition for appeal . . . does not require the Magistrate Judge's findings to be modified or amended, petitioner will agree to withdraw his procedurally defaulted claims and will pursue the double jeopardy claim with respect to Counts II and IV as being duplicitous as to Count [I] of the indictment" [Doc. 33 at 16]. Thus, instead of facing dismissal of his entire petition, petitioner has

4

elected to withdraw his unexhausted and procedurally defaulted claims and proceed only with regard to the one exhausted claim of double jeopardy.

Accordingly, upon careful review of the record, it is the opinion of this Court that Magistrate Judge Seibert's Report and Recommendation **[Doc. 31]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the report. Accordingly, this Court **ORDERS** that the Respondent's Motion to Dismiss as Unexhausted and Procedurally Barred **[Doc. 16]**, is hereby **GRANTED IN PART** and the unexhausted claims in the petitioner's § 2254 Petition **[Doc. 1]** are hereby **DISMISSED WITH PREJUDICE**. Further, this matter is hereby **RECOMMITTED** to the magistrate judge with instruction to issue a new R&R regarding petitioner's remaining claim of double jeopardy.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to mail a copy to the *pro se* petitioner.

**DATED**: March 14, 2018.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE