IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ROSSI ANTHONY GRAY, JR.,**

    **Petitioner,**

v.                                            **Case No. 2:17cv39**
                                                     **(Judge Bailey)**

**RALPH TERRY, Acting Warden,**

    **Respondent.**

## ORDER AND ROSEBORO NOTICE

On June 22, 2018, in response to this Court's Order to file a supplemental answer counsel for Respondent a Motion for Summary Judgment, exhibits and a Memorandum of Law in support thereof. ECF Nos. 48-50. Pursuant to the holding of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the undersigned is required to notify Petitioner of his right and obligation to file a response to Respondent's Motion for Summary Judgment and the procedures for responding to such a motion.

Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts provides that the Federal Rules of Civil Procedure are applicable to proceedings under 28 U.S.C. § 2254 to the extent that they are not inconsistent with any statutory provisions or the Rules Governing Section 2254 Cases. Rule 1(b) provides that the district court may apply any or all of the Rules governing § 2254 cases to a habeas petition other than a § 2254. Thus, generally, the summary judgment procedures, as stated in Rule 56 of the Federal Rules of Civil Procedure, may be applied in all habeas cases, including those filed under § 2254. *See Blackledge v. Allison*, 431 U.S. 63, 80 (1977); *Maynard v. Dixon*, 943 F.2d 407 (4th Cir. 1991).

Petitioner is **NOTIFIED** that, pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Petitioner is further **NOTIFIED** that Rule 56(c) of the Federal Rules of Civil Procedure addresses the procedures for supporting a party's factual positions for consideration on summary judgment.

Petitioner must cite to particular parts of the materials in the record, which may include trial and other court transcripts and exhibits, depositions, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other admissible evidence in order to show that there is a genuine dispute concerning a material fact or that the respondent cannot support his factual position with admissible evidence. Fed. R. Civ. P. 56(c)(1) and (2). Furthermore, the court may consider materials cited by either party or it may consider other evidence of record, even if the parties have not relied upon those materials. Fed. R. Civ. P. 56(c)(3). Any affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated. Fed. R. Civ. P. 56(c)(4).

Petitioner is also **NOTIFIED** that a failure to respond to Respondent's Motion for Summary Judgment may result in entry of summary judgment denying the relief sought in the Petition and dismissing the suit. In preparing a response, Petitioner should be aware of the fact that a knowing assertion of a falsehood in order to avoid dismissal could, if proven, constitute perjury punishable by law. **Petitioner's response shall be**

**filed within twenty-eight days of entry of this Order, and shall not exceed twenty-five pages.**

The Clerk is directed to mail a copy of this Order to the Petitioner by certified mail, return receipt requested, and to counsel of record via electronic means.

ENTER: June 25, 2018.

*s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE