**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**ROSSI ANTHONY GRAY, JR.,**

      **Petitioner,**

**v.**                                                    **Case No. 2:17cv39**
                                                          **(Judge Bailey)**

**DAVID BALLARD, WARDEN,**

      **Respondent.**

**<u>REPORT AND RECOMMENDATION</u>**

**I. <u>Introduction</u>**

On March 6, 2017, *pro se* Petitioner, Rossi Anthony Gray, Jr., filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 raising four grounds for relief. ECF No. 1. On June 2, 2017, the Respondent filed his Response together with a Motion to Dismiss as Unexhausted and Procedurally Barred with a Memorandum in Support and exhibits. ECF Nos. 16-18. On June 5, 2017, a *Roseboro* Notice was issued. ECF No. 19. On June 26, 2017, Petitioner filed his Response. ECF No. 22. On July 5, 2017, Petitioner refiled his response with a completed certificate of service. ECF No. 23. On July 19, 2017, Respondent filed a Reply. ECF No. 25.

On February 8, 2018, former United States Magistrate Judge James E. Seibert issued a Report and Recommendation in which he concluded that only one of the Petitioner's claims was exhausted, and the others were procedurally defaulted. Accordingly, he determined that the case was subject to dismissal as a mixed petition. Therefore, he recommended that the Respondent's Motion for Summary Judgment be

granted, and the petition be dismissed with prejudice unless the Petitioner withdrew his defaulted claims and proceeded on his one exhausted claim. ECF No. 34.

On February 27, 2018, the Petitioner filed objections to the Report and Recommendation.  At the time he filed his objections, he had an appeal pending from the decision by the Circuit Court of Ohio County denying his Motion to Correct an Illegal Sentence pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure.[1] The Petitioner maintained that the claims deemed unexhausted by Magistrate Judge Seibert were pending in that appeal. Accordingly, the Petitioner requested that this Court order a stay and abeyance until the Supreme Court of Appeals of West Virginia ("SCAWV") issued its ruling. However, the Petitioner further noted his agreement to withdraw his procedurally defaulted claims in the event the Court determined that the pending appeal did not require the Magistrate Judge's findings to be modified or amended. Id. at p. 33. On March 14, 2018, the Court found that it would be futile to grant a stay. Therefore, the Court ordered that the Respondent's Motion to Dismiss as Unexhausted and Procedurally Barred be granted in part, and the unexhausted claims in the § 2254 petition were dismissed with prejudice.  The matter was recommitted with instruction to issue a new R&R regarding the Petitioner's exhausted claim of double jeopardy. ECF No. 34.

On May 2, 2018, the Respondent was ordered to file a supplemental answer. ECF No. 38. On June 22, 2018, the Respondent filed a Supplemental Response [ECF No. 48] and a Motion for Summary Judgment. ECF No. 49. A Roseboro Notice was issued on June 25, 2018 [ECF No. 51], and on July 23, 2018, the Petitioner filed his

---

[1]As discussed in more detail in  the body of this R&R, the SCAWV subsequently affirmed the Circuit Court's decision.

2

response. ECF No. 54. Also pending is the Petitioner's Motion to have this Court declare W.Va. Code § 61-8-13 (1923) *void ab initio* [ECF No. 53], as well as his Motion for Judicial Notice. ECF No. 55.

## II. Relevant Facts and Procedural History

### A. Indictment, Trial and Direct Appeal

On January 10, 2005, the Ohio Grand Jury indicted the Petitioner with one charge of "Sexual Assault in the Second Degree" for his sexual intrusion of the victim with the fingers on his left hand in violation of West Virginia Code § 61-8B-4(a)(1); one charge of "Sexual Assault in the Second Degree" for his sexual intrusion of the victim with the fingers of his right hand in violation of West Virginia Code § 61-8B-4(a)(1) (Count II); one charge of "Sexual Abuse in the First Degree" for his sexual contact with the victim with his left hand in violation of West Virginia Code § 61-8B-7(a)(3) (Count III); one charge of "Sexual Abuse in the First Degree" for sexual contact with the victim with his right hand in violation of West Virginia Code § 61-8B-7(a)(3) (Count IV); and one count of "Sexual Abuse in the First Degree" for sexual contact with the victim's breasts in violation of West Virginia Code § 61-8B-7(a)(3) (Count V).[2] ECF No. 16-1.The victim was identified in the indictment as A.M.K., a female who was 15 at the time. Id. at pp. 3-5. Following a jury trial, the Petitioner was convicted on all five counts. ECF No. 16-2.

Thereafter, the State of West Virginia filed a Recidivist Information alleging that Petitioner was the same individual convicted of three felony offenses, to-wit, sodomy in 1978; unlawful assault in 1982; and driving under the influence of alcohol, third offense

---

[2] Other charges were alleged in the indictment but were severed prior to trial.

in 2001. Id. A sentencing hearing was conducted on January 31, 2006, and on February 13, 2006, the Circuit Court entered an order which found that the three prior felony offenses were all violent offenses. Id. at 4. In addition, the Circuit Court found that the triggering offense giving rise to the Recidivist Information, Count 5 of the Indictment for Sexual Abuse in the First Degree, was also a violent offense. Id.  Petitioner was then sentenced as follows:

1. As to Count 1 of 'Sexual Assault, Second Degree', the Defendant is sentenced to not less than 10 nor more than 25 years in the state penitentiary;

2.  As to Count 2 of 'Sexual Assault, Second Degree', the Defendant is sentenced to not less than 10 nor more than 25 years in the state penitentiary;

3. As to Count 3 of "Sexual Abuse, First Degree", the Defendant is sentenced to not less than 1 nor more than 5 years in the state penitentiary;

4. As to Count 4 of 'Sexual Abuse, First Degree'', the Defendant is sentenced to not less than 1 nor more than 5 years in the state penitentiary;

5. As to Count Five of 'Sexual Abuse, First Degree', the triggering offense for the Recidivist Information, the Defendant is sentenced to a life sentence.

ECF No. 16-2 at 4-5. The sentencing order also included a recommendation that Petitioner not receive parole. Id. at 5

Following a direct appeal and numerous post-conviction proceedings, which are set forth in detail in the R&R entered on February 8, 2018, the Petitioner filed his § 2254 petition.

4

### III. The Pleadings

#### A.  The Petition

The Petition raised four grounds for relief, each with subparts. Although the full substance of the petition is set forth in the previous R&R, the following is a summary of the grounds raised in the petition:

**Ground One**: "Petitioner was denied due process of law as secured by the 5th and 14th Amendments to the U.S. Constitution when the [Trial] Court failed to properly instruct the jury on the elements of second degree assault." ECF No. 1 at 4.

**GROUND TWO**: "Petitioner was denied due process of law as secured by the 5th and 14th Amendments to the U.S. Constitution and the 8th Amendment to the U.S. Constitution when the Sentencing Court imposed a habitual life sentence despite the absence of two valid convictions for violent crimes and two sentences to the penitentiary." ECF No. 1 at 6.

**GROUND THREE**: "Petitioner was denied his constitutional right to due process of law as guaranteed by the U.S. Constitution when the State failed to identify two prior violent felony convictions and two felony sentences to the penitentiary as required by WV Code § 61-11-[18](c) and the 8th Amendment to the U.S. Constitution." ECF No. 1 at 9.

**GROUND FOUR**: "Petitioner was denied due process of law as secured by the 5th, 8th and 14th Amendments to the U.S. Constitution and the meaningful assistance of counsel as secured by the 6th Amendment to the U.S. Constitution. ECF No. 1 at 15.

The only ground which survived the Respondent's original Motion for Summary Judgment, is the portion of Ground One that alleged double jeopardy[3] as discussed more fully below.

## B.  Respondent's Motion for Summary Judgment

Respondent argues that the Petitioner's double jeopardy claim is without merit. More specifically, the Respondent argues that the SCAWV refused the Petitioner's claim that Counts II and IV of the indictment were duplicitous and refused to hear the matter by finding it to be without merit on state law grounds. The Respondent maintains that this finding is neither an unreasonable application of federal law nor an unreasonable determination of the facts.

## C.  Petitioner's Response

In response, the Petitioner elaborates on his allegation which was construed to raise a double jeopardy claim.  However, in doing so, the Petitioner sets forth allegations that have not been exhausted and are not properly before this Court. Specifically, the Petitioner alleges that sexual abuse is a lesser included offense of sexual assault,  and he notes that the Double Jeopardy Clause prohibits multiple punishments for the same offense. He then argues that each of the five counts alleged the "lack of consent resulted from forcible compulsion," and each alleged the sexual contact "was for the purpose of gratifying the sexual desire of Rossi Gray." ECF No. 34

---

[3] As with his other grounds for relief, Ground One included multiple subparts. First, he argued that the two counts of sexual assault involved one continuous act, but he received consecutive sentences on each count. Magistrate Judge Seibert concluded that although not expressly stated, this allegation raised a claim of double jeopardy. Next, he alleged that his trial counsel did request the court to instruct the jury as to lessor included offenses. More specifically, he alleged that counsel did not request an instruction on either sexual abuse in the first degree, sexual assault in the third degree, or battery as lessor included offenses. Finally, he alleged that he was denied a fair and impartial jury when the trial court failed to instruct the jury on the possible verdicts for sexual assault in the second degree.

at p. 3. Therefore, the Petitioner alleges that the prosecuting  attorney secured a multiplicitous indictment which arbitrarily divided a single criminal episode into five spatial crimes  without identifying when the lessor included offenses were committed. Accordingly, the Petitioner contends that he now subject to multiple punishments, and this multiple punishment must cease. In addition, the Petitioner argues that the Circuit Court had a duty to instruct the jury on the elements of First  Degree Sexual Abuse and Third Degree Sexual Assault, or Battery as lessor included offenses of Sexual Assault. Accordingly, he complains that by failing to do so, the Circuit Court deprived the jury of the opportunity to convict him of any lessor included offenses.  He further maintains that he was denied due process of law because his court appointed habeas counsel filed a Certificate of No Merit without filing an <u>Anders</u> brief. Finally, the Petitioner alleges that his recidivist sentence is unlawful.

## IV. <u>Standard of Review</u>

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c)(2); <u>United States v. Lee</u>, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of  fact to find for the non-moving party, disposition by summary judgment is appropriate. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-49 (1986).

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure "applies to habeas proceedings." Brandt v. Gooding, 636 Fed 3d 124, 132 (4th Cir. 2011) (quoting Maynard v. Dixon, 943 F.2d 407, 412 (4th Cir. 1991)). However, in viewing the motion for summary judgment, the Court must do so under the constraints imposed by the habeas statute. Under § 2254, this Court may not grant federal habeas relief unless it concludes that West Virginia's adjudication of the claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C.A. § 2254 (d)(1); see also Williams v. Taylor, 529 U.S. 362 (2000). A state court decision is "contrary to . . . clearly established Federal law, as determined by the Supreme Court," 28 U.S.C.A (d)(1), "if the state court arrives at a conclusion opposite to that reached by the Court on a question of law or if the state court decides a case differently than the Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 405. A state court decision "involves an unreasonable application of [] clearly established Federal law, as determined by the Supreme Court," 28 U.S.C.A. § 2254(d)(1), if the state court decision "identifies the correct governing legal principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 412. An objectively "unreasonable application of federal law is different from an incorrect or erroneous application of federal law. Id. Thus, "a federal habeas court may not issue the writ simply because that  court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or

incorrectly. Rather, that application must also be unreasonable" for habeas relief  to be granted." Id. at 411.

As these principles make clear, § 2254(d) imposes a powerful limit on the relitigation of claims that have already been rejected by state courts:

> [Section 2254(d)] preserves authority to issue the writ in cases where there is no possibility fair minded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems" not a substitute for ordinary error correction through appeal. Jackson v. Virginia, 443 U.S. 307, 32 n. 5 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement.

Harrington v. Richter, 562 U.S. 86, 102-103 (2011). A habeas petition proceeding under § 2254 bears the burden of showing  that he is entitled to habeas relief under this highly deferential standard.

## V. Analysis

As set forth in Magistrate Judge Seibert's R&R and adopted by the Court's order recommitting this case, the only issue to be addressed further is the Petitioner's allegation that Counts II and IV of the indictment were duplicitous and a violation of double jeopardy.  As previously noted, the indictment contained several counts. Relevant to the undersigned's analysis, the Counts which raise the specter of double jeopardy read as follows:

> **COUNT ONE:**  That on or about September 30, 2004, in Ohio County, West Virginia, ROSSI GRAY committed the offense of "Sexual Assault in the Second Degree" by unlawfully and

feloniously engaging in sexual intrusion, with A.M.K. by penetrating her sex organ with his finger(s) on his left hand for the purpose of degrading or humiliating AMK, or for the purpose of gratifying the sexual desire of ROSSI GRAY when the said A.M.K. was a female 15 years of age at the time and not his wife, without her consent, the lack of consent resulting from forcible compulsion, against the peace and dignity of the State and in violation of West Virginia Code §61-8B-4(a)(1).

**COUNT TWO:** That on or about September 30, 2004, in Ohio County, West Virginia, ROSSI GRAY committed the offense of "Sexual Assault in the Second Degree" by unlawfully and feloniously engaging in sexual intrusion with A.M.K. by penetrating her sex organ with his finger(s) on his right hand for the purpose of degrading or humiliating A.M.K. or for the purpose of gratifying the sexual desire of ROSSI GRAY when the said A.M.K. was a female 15 years of age at the time and not his wife, without her consent, the lack of consent resulting from forcible compulsion, against the peace and dignity of the State and in violation of West Virginia Code §61-8B-4(a)(1).

**COUNT THREE:** That on or about September 30, 2004, in Ohio County, West Virginia, ROSSI GRAY committed the felony offense of "Sexual Abuse in the First Degree" in that ROSSI GRAY, did intentionally, unlawfully and feloniously subject A.M.K., whose name is known to this Grand Jury, to sexual contact, when the said A.M.K. was a female 15 years of age at the time and not his wife, without her consent, the lack of consent resulting from forcible compulsion, to wit: by intentionally touching the sex organ of A.M.K. with his left hand, for the purpose of gratifying the sexual desire of either party, being against the peace and dignity of the State and in violation of West Virginia Code §61-8B-7(a)(3).

**COUNT FOUR:** That on or about September 30, 2004, in Ohio County, West Virginia, ROSSI GRAY committed the felony offense of "Sexual Abuse in the First Degree" in that ROSSI GRAY, did intentionally, unlawfully and feloniously subject A.M.K., whose name is known to this Grand Jury, to sexual contact, when the said A.M.K. was a female 15 years of age at the time and not his wife, without her consent, the lack of consent resulting from forcible compulsion, to wit: by intentionally touching the sex organ of A.M.K. with his right hand, for the purpose of gratifying the sexual desire of either party, being against the peace and dignity of the State and in violation of West Virginia Code §61-8B-7(a)(3).

ECF No. 16-1 at pp. 2-4.

At the beginning of trial on September 8, 2005, the Petitioner's trial counsel moved the Circuit Court to Dismiss Count II and Count IV of the indictment arguing that under State v. Runner, 189 W.Va. 369, 432 S.E.2d 39 (1993), the Petitioner's acts of touching the victim's vagina with each hand were part of the same ongoing criminal transaction. ECF N. 48-2 at pp. 5-7. In response, the State alleged that the Petitioner stopped for enough time to restrain the victim before reengaging in sexual conduct, thus creating two separate offenses. Id. at p. 7. After considering the arguments presented by counsel, the Circuit Court held the Petitioner's motion in abeyance until after hearing the State's case-in-chief. Id. at p. 10.

The following day, the victim, who was 15 at the time of the offense, testified that the Petitioner held her down, grabbed her arms, and pinned her legs so that she could not move. ECF No. 48-3 at p. 48. She specified that he used both of his hands at different times to digitally penetrate her vagina. Id. at pp. 49, 67, 104. She also testified that she had bruises on her arms and legs from where the Petitioner held her down. Id. at p. 55.  Photographs were tendered showing the bruising. Id.

At the close of the State's case, the counsel for the Petitioner asked the Court to revisit his previously filed and argued motion to dismiss Counts II and IV of the indictment, or in the alternative, to merge Counts I and II and to merge Counts III and IV. ECF No. 48-3 at p. 277. In support of his continuing motion, defense counsel argued that the testimony elicited clearly established that the complaining witness's version of the events was replete with contradictions and was contradicted by the testimony of a nurse and the written report that she prepared which indicted only that he penetrated the victim's vagina with the fingers of his left hand.  Id. at pp. 277-78.

11

The State responded that the victim clearly testified that the Petitioner used his left and right hand at separate times and argued that, at the very least, it was in the province of the jury to determine if two separate criminal transactions occurred. Id. at p. 278.  The Circuit Court denied the Petitioner's motion, noting that the victim "did testify under oath that in addition to her breast being touched, the Petitioner used both hands at different times to touch her vaginal area. And in that regard, she described it as him putting his fingers into her vaginal area at different times." Id. at pp. 278-79. Mindful of its discretion to grant such a motion, the Circuit Court denied the Petitioner's request. Id. at p. 279.

In his direct appeal, the Petitioner argued that "the trial court erred by failing to dismiss Count[s] II and IV of the indictment as being duplicitous. ECF No. 16-11 at p. 6. Specifically, the Petitioner identified that Counts I - IV of the indictment involved the same criminal transaction and argued that while the State could rightfully charge both sexual assault and sexual abuse, it could not charge four offenses based upon the Petitioner's use of both his right and left hands. Id. at p. 13. Accordingly, the Petitioner claimed that Count II, charging sexual assault, was duplicitous of Count I, and Count IV, charging sexual abuse, was duplicitous of Count III. Id. at p. 14. By Order entered June 17. 2009, the SCAWV refused the appeal. ECF No. 16-12. The Petitioner thereafter filed a petition for writ of certiorari, which the United States Supreme Court denied on February 22, 2010. ECF No. 16-15.

In his subsequent habeas filings in state court, the Petitioner again alleged, in part, that "the trial court refused to Dismiss Count II and Count IV of the indictment as being duplicitous and [that he] was subject to multiple punishment[s] for the same

criminal act." ECF No. 16-8 at p. 8. By Order entered August 6, 2010, the Circuit Court found that the Petitioner's claims had either been previously adjudicated and/or waived or were facially without merit based upon the underlying record and denied the Petitioner's petition without appointing counsel or hold an evidentiary hearing. ECF No. 16-9.

On Appeal, the SCAWV remanded the matter and ordered the Circuit Court to provide legal counsel and hold an omnibus evidentiary hearing. ECF No. 16-23. On remand, the Circuit Court appointed Mark D. Panepinto[4] as habeas counsel, who filed a certificate of no merit arguing that he could not "ethically, and within the applicable rules, argue any of the issues asserted in [the Petitioner's] original Habeas Corpus Petition." ECF No. 16-24 at p. 3. By Order entered August 14, 2014, the Circuit Court again denied relief. ECF No. 16-25.

The Petitioner appealed this ruling [ECF No. 16-27] and simultaneously filed an original jurisdiction habeas petition with the SCAWV. ECF No. 16-29. In  the original jurisdiction petition, the Petitioner again alleged that Counts II and IV of the indictment were duplicitous. The SCAWV consolidated the two matters [ECF No. 16-31] and affirmed the Circuit Court's denial of habeas relief while denying the Petitioner's original writ. ECF No. 16-32.

Under the Double Jeopardy Clause of the Fifth Amendment, no ""person [shall] be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. The double jeopardy prohibition –"a fundamental ideal in our constitutional

---

[4] On remand, the Circuit Court originally appointed Christopher Sheetz to represent the Petitioner in the prosecution of his habeas corpus petition. ECF No. 15-25. Eventually, Mr. Sheetz moved to withdraw, and Mr. Panepinto was then appointed.

heritage"-applies to the States through the Fourteenth Amendment." Benton v. Maryland, 395 U.S. 784, 794 (1969).

The Double Jeopardy Clause protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and multiple punishments for the same offense. Brown v. Ohio, 432 U.S. 161, 165 (1977). In this case, the Petitioner was charged with two separate violations of Second Degree Sexual Assault and two separate violations of First Degree Sexual Abuse. Therefore, his double jeopardy claim does not present the more frequently arising issue of whether two different statutes may punish the same conduct, see Blockburger v. United States, 284 U.S. 299, 303-04 (1932), but the less frequently recurring issue of whether multiple punishments may be imposed for more than one violation of a single statute. See United States v. Universal C.I.T Credit Corp., 344 U.S. 218, 224-26 (1952); Bell v. United States, 349 U.S. 81, 81-84 (1955). Therefore, this matter requires a determination of the "allowable units of prosecution," Universal C.I.T. 344 U.S. at 2221, an inquiry that turns on the statutory text and the intent of the legislature, see Sambria v. United States, 437 U.S. 54, 69-70 (1978); Universal v. C.I.T., 344 U.S. at 221-24, with "ambiguity...resolved in favor of lenity," see Bell 349 U.S. at 83. The "appropriate unit of prosecution" is not a constitutional issue, but instead is determined by examining the legislative intent behind the statute. Ohio v. Johnson, 467 U.S. 493, 499 (1984).

Although the SCAWV refused the Petitioner's appeal and did not specifically address the Petitioner's double jeopardy claim on its merits, the Circuit Court's refusal of the Petitioner's motion to dismiss Counts II and IV was based on state law and the

West Virginia Legislature's clear intent to permit multiple charges for various instances of criminal sexual conduct even if such conduct occurs during a single criminal transaction.  In reaching its ruling, the Circuit Court relied on the holding in State v. Rummer, 189 W.Va. 369, 432 S.E.2d 39 (1993).

In Rummer, the SCAWV dealt with two convictions of first degree sexual abuse, the same offense with which the Petitioner was charged in Counts III and IV of the indictment. First degree sexual abuse is defined in W. Va. Code, § 61-8B-7(a) and utilizes the term "sexual contact." This term is defined in W.Va. Code, § 61-8B-1, which states, in pertinent part:

> 'Sexual contact' means any intentional touching, either directly or through  clothing, of the anus or any part of the sex organs of another  person, or the breasts of a female or intentional touching of any part of another person's body by the actor's sex organs where the victim is not married to the actor and the touching is done for the purpose of gratifying the sexual desire of either party.

Following an analysis of the rulings of other jurisdictions, the SCAWV determined a defendant who commits two or more separate acts of sexual contact on a victim may be convicted of each separate act in a single criminal episode without violation of double jeopardy principles.  In the instant case, the victim testified, and the jury ultimately concluded, that the Petitioner had committed two separate violations of W.Va. Code, § 61-8B-7(a)(3), by using each hand at separate times. This same reasoning applies to the Petitioner's convictions under Counts I and II of committing sexual intrusion[5] in violation of W,Va. Code, § 61-8B-4(a)(1).

---

[5]As defined by W.Va. Code, § 61-8B-1(8) "'Sexual intrusion means any act between persons involving penetration, however slight, of the female sex organ or of the anus of any person by an object for the purpose of degrading or humiliating the person so penetrated or for gratifying the  sexual desire of either party."

Accordingly, the Circuit Court's ruling, as affirmed by the SCAWV, relied upon an independent and adequate state law determination that was neither contrary to clearly established federal law, nor based upon an unreasonable determination of the facts presented at trial. Accordingly, the Petitioner has failed to establish that his conviction and sentence violated double jeopardy, and he is entitled to no relief from this Court

## VI. Petitioner's Pending Motions

On July 20, 2018, the Petitioner filed a Motion seeking leave to file a motion requesting that this Court declare his 1978 conviction void *ab initio.* The Petitioner is referring to his conviction for sodomy, for which he was sentenced to imprisonment for 1-10 years. The Petitioner maintains that he discharged his sentence on June 20, 1980. ECF No. 53 at p. 1. He further maintains that federal courts have determined similar laws to be unconstitutional. The Petitioner then notes that in Lawrence v. Texas, 539 U.S. 588 (2003), the United States Supreme Court held that the Due Process Clause of the Fourteen Amendment protects the rights of two adults to engage in mutually consensual private sexual conduct. The Petitioner argues that Lawrence was "clearly established Supreme Court law at the time [he] was prosecuted as recidivist." Id. Therefore, he seeks "leave to file a motion  to have W.Va.  Code 61-8-13 (1923) declared *void ab initio* because it criminalized voluntary sexual conduct between two consenting adults. And, a conviction for violating an unconstitutional law cannot serve as a predicate conviction for enhancing a subsequent conviction." Id. at p. 2.

This issue was raised in the Petitioner's appeal of the March 20, 2017, order of the Circuit Court of Ohio County denying his motion for correction of illegal sentence pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure. On appeal, the

Petitioner attacked the validity of his convictions for second-degree sexual assault and first-degree sexual abuse and argued that that his life recidivist sentence was illegal. The Petitioner further argued that habeas counsel had a non-negotiable duty to identify all significant and obvious claims for relief. The State countered that the Petitioner's many arguments had been finally adjudicated and/or waived in the prior habeas proceedings. The SCAWV agreed with the State and denied the Petitioner's motion for correction of illegal sentence  on April 20, 2018.[6] Given the Circuit Court's treatment of the Petitioner's claims, the SCAWV found the most appropriate rule to apply to the case was Rule 4(c) of the West Virginia Rules Governing Post-Conviction Proceedings.  As for his 1978 sodomy conviction, the SCAWV found that the Petitioner alleged it was a consensual act of oral sex that was not forced on the victim. However, the SCAWV determined that in his prior habeas petition, he did not dispute that his prior felonies included violent sexual offenses. Therefore, the SCAWV concluded that the  Circuit Court did not err in denying the Petitioner's motion for correction of illegal sentence because every claim that he could have raised was finally adjudicated and/or waived as the result of his prior habeas proceedings.

In recommitting this matter, the undersigned reiterates that the Court dismissed the Petitioner's § 2254 petition with prejudice save his claim of double jeopardy.  The dismissed claims included his claim that his conviction in 1975 for violating W.Va. Code § 61-8-13 is not a valid conviction for purposes of the recidivist statute. In so doing, he alleged that: (1) the indictment was flawed; (2) the jury selection was flawed; (3) ineffective assistance of counsel with respect to his plea; and (4) his sentence was

---

[6]Memorandum Decision in No. 17-0304 is available at http://www.courtswv.gov/supreme-court/opinion-information.html.

invalid. He did not argue that the conviction was void under <u>Lawrence</u>. However, even if he had, this is yet another claim that is procedurally defaulted. Accordingly, it would be useless to  grant this motion.

The Petitioner's second pending  motion is a request that this Court take judicial notice of` two prior plea agreements authorizing the Circuit Court of Ohio County and the Circuit Court of Marshall County to impose criminal sentence upon him. Briefly summarized, the Petitioner alleges that an indictment was secured in Marshall County which alleged that on …the 30th day of October, 1980……Ross Gray, Jr., committed the offense of 'Malicious Assault'…." ECF No. 55 at p. 1. The Petitioner indicates that on August 4, 1982, he agreed to plead guilty, and the plea agreement included these critical provisions:

> 2. The State will recommend that the defendant be incarcerated in the County Jail for a period of one (1) year, <u>State v. Gray</u>, Marshall County, WV, Case No. 82-F-16, Plea Agreement, Filed 08-04-82.

> 4. The State will not file an information against the defendant pursuant to the Recidivist or Habitual Criminal Statute as result of the plea which may be entered as a result of this agreement.

ECF No. 55 at p. 2.  He alleges that the Honorable Richard Warmuth approved the plea agreement after ascertaining that the Petitioner understood the basic terms of the agreement, including his [understanding] the State will not file an information under the recidivist or habitual criminal statutes.

In addition, the Petitioner alleges that in 2001, Stephen L. Vogrin, Prosecuting Attorney, secured an indictment in the Circuit Court of Ohio County alleging among other things that he violated W.Va. Code § 17C-5-2(k), Driving Under the Influence of Alcohol, Count One, and W.Va. Code § 61-5-17(b) Fleeing, Count Five. The Petitioner

maintains that he agreed to plead to these two counts and the plea agreement included this provision:

> The State shall not, either directly or indirectly or through the W.Va. Dept. of Corrections, initiate any recidivist proceeding under W.Va. Code §§ 61-11-18, 61-11-19 or 62-8-4, <u>State of W.Va. v. Ross A. Gray, Jr.</u>, Ohio County, Case No. 01-F-28 JM, Plea Order, Nov. 28, 2001. Para. 3.

ECF No. 55 at p. 3.

The Petitioner contends that the State of West Virginia violated the explicit terms of these two plea agreements when the Ohio County Prosecuting Attorney subsequently filed a recidivist information in the instant case citing his convictions for Sodomy (1978), Unlawful Assault (1982), and Driving Under the Influence (2001). Aside from asking the Court to take judicial notice, the Petitioner makes no argument as to the import of such judicial notice would be. However, the undersigned assumes that the Petitioner is arguing that his recidivist sentence was obtained unlawfully in violation of the two plea agreements.

The Petitioner has presented various arguments with respect to his sentence[7], but he has never alleged a violation of prior plea agreements. Therefore, this argument is not exhausted and is procedurally defaulted, and the motion should be denied.

---

[7]Although procedurally defaulted, in his November 2, 2015, state habeas petition, the Petitioner alleged that his 1982 conviction for unlawful wounding was not a valid predicate conviction for the imposition of a habitual life sentence because the Circuit Court of Marshall County imposed a de facto misdemeanor sentence of one year in the county jail as allowed by the relevant statute. In addition, he alleged that his conviction for driving under the influence of alcohol was not a proper predicate conviction because the sentence imposed was served at Denmar Correctional Center at the Pocahontas County Jail and not at the Mount Olive Correctional Center which is the designated replacement for the West Virginia penitentiary.

## VI.   Recommendation

For the reasons set forth above, the undersigned recommends that the Respondent's Motion for Summary Judgment [ECF No. 49] be **GRANTED** and the remaining claim in the Petition [ECF No.1] be **DISMISSED WITH PREJUDICE**. The undersigned further recommends that the Petitioner's  motion to declare his 1978 conviction void *ab initio* [ECF No. 53] and his motion that the court take judicial notice [ECF No. 55] be **DENIED AS MOOT**.


**Within fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.   A copy of any objections should also be submitted to the United States District Judge.  **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th  Cir. 1985);  United States v. Schronce, 727 F.2d 91 (4th Cir. 1984.

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.  The Clerk is further directed to provide a copy of this Report and Recommendation to counsel of record via electronic means.

Upon entry of this Report and Recommendation, the Clerk of Court is further **DIRECTED** to terminate the Magistrate Judge association with this case.

Respectfully submitted this 17th day of January, 2019.

*/s Robert W. Trumble*

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE