# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**ROSSI ANTHONY GRAY, JR.**,

      Petitioner,

v.                                                 CIVIL ACTION NO. 2:17-CV-39
                                                      (BAILEY)

**RALPH TERRY**, Superintendent,
Mount Olive Correctional Complex,

      Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Robert W. Trumble [Doc. 64]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Trumble filed his R&R on January 17, 2019, wherein he recommends this Court grant respondent's Motion for Summary Judgment [Doc. 49] and dismiss with prejudice petitioner's § 2254 Petition [Doc. 1].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right

1

to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Petitioner timely filed his Objections on February 1, 2019 [Doc. 64-1]. Accordingly, this Court will review the portions of the R&R to which the petitioner objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## **BACKGROUND**

A detailed factual and procedural background is provided in Magistrate Judge Trumble's R&R [Doc. 64], as well as in the previous R&R of former Magistrate Judge James E. Seibert [Doc. 31]. As the petitioner has not objected to these recitations of the factual background and procedural history, rather than reiterating such in great detail again, this Court will only briefly summarize that which is most relevant.

On March 6, 2017, petitioner filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Doc. 1] which asserted four grounds for relief. On June 2, 2017, respondent filed his response together with a Motion to Dismiss as Unexhausted and Procedurally Barred [Doc. 16]. On February 8, 2018, Magistrate Judge Seibert issued an R&R in which he concluded that only one of the petitioner's claims was exhausted, and that the others were procedurally defaulted [Doc. 31]. Thus, Magistrate Judge Seibert recommended that the respondent's Motion to Dismiss as Unexhausted and Procedurally Barred be granted, and the Petition be dismissed with prejudice, unless the petitioner withdrew his defaulted claims and proceeded on his one exhausted claim.

On February 27, 2018, petitioner filed objections to Magistrate Judge Seibert's R&R [Doc. 33], in which he noted his agreement to withdraw his procedurally defaulted claims.

2

Accordingly, on March 14, 2018, this Court granted in part respondent's Motion to Dismiss as Unexhausted and Procedurally Barred, and the unexhausted claims in the Petition were dismissed with prejudice. This matter was then recommitted with instruction to issue a new R&R regarding petitioner's one remaining claim, which is based on double jeopardy.

On January 10, 2005, the Ohio County Grand Jury indicted petitioner on the following charges:

> (1) Count I—"sexual assault in the second degree" for his sexual intrusion of the victim with the fingers of his left hand in violation of W.Va. Code § 61-8B-4(a)(1);
>
> (2) Count II—"sexual assault in the second degree" for his sexual intrusion of the victim with the fingers of his right hand in violation of W.Va. Code § 61-8B-4(a)(1);
>
> (3) Count III—"sexual abuse in the first degree" for his sexual contact of the victim with his left hand in violation of West Virginia Code § 61-8B-7(a)(3);
>
> (4) Count IV—"sexual abuse in the first degree" for his sexual contact of the victim with his right hand in violation of West Virginia Code § 61-8B-7(a)(3);
>
> (5) Count V—"sexual abuse in the first degree" for his sexual contact with the victim's breasts in violation of West Virginia Code § 61-8B-7(a)(3).[1]

See [Doc. 16-1]. Petitioner's double jeopardy claim is based upon his assertion that Count II is duplicitous of Count I, and that Count IV is duplicitous of Count III.

At the beginning of trial on September 8, 2005, petitioner's trial counsel moved the circuit court to dismiss Count II and Count IV of the indictment, arguing that under **State v. Rummer**, 189 W.Va. 369, 432 S.E.2d 39 (1993), petitioner's acts of touching the victim's vagina with each hand were part of the same ongoing criminal transaction [Doc. 48-2 at 5–7].

---

[1] Other charges were alleged in the indictment but were severed prior to trial.

In response, the State alleged that petitioner stopped for a sufficient period of time to restrain the victim before re-engaging in sexual conduct, thus creating two separate offenses [Id. at 7]. After considering the arguments presented by counsel, the circuit court held petitioner's motion in abeyance until after hearing the State's case-in-chief [Id. at 10].

The following day, the victim, who was fifteen (15) years old at the time of the offense, testified that the petitioner held her down, grabbed her arms, and pinned her legs so that she could not move [Doc. 48-3 at 48]. The victim specified that petitioner used both hands at different times to digitally penetrate her vagina [Id. at 49, 67, 104]. The victim also testified that she had bruises on her arms and legs from where the petitioner held her down, and photographs were tendered showing the bruising [Id. at 56–57].

At the close of the State's case, counsel for petitioner asked the court to revisit his previous motion to dismiss Counts II and IV or, in the alternative, to merge Counts I and II and to merge Counts III and IV [Id. at 276–77]. As the basis for his argument, defense counsel attacked the credibility of the victim, arguing that her testimony was replete with contradictions and contradicted the testimony and written report of a nurse which indicated only penetration with the fingers of the left hand [Id. at 277–78].

The State responded that the victim clearly testified that the petitioner used his left and right hand at separate times and argued that, at the very least, it was in the province of the jury to determine if two separate criminal transactions occurred [Id. at 278]. The circuit court denied the petitioner's motion, noting that the victim "did testify under oath that in addition to her breast being touched, the petitioner used both hands at different times to touch her vaginal area. And in that regard, she described it as him putting his fingers into her vaginal area at

4

different times" [Id. at 278–79]. At the close of trial, the jury convicted petitioner of all counts charged in the indictment [Doc. 48-4 at 68].

In his direct appeal, petitioner argued that "the trial court erred by failing to dismiss Count[s] II and IV of the indictment as being duplicitous" [Doc. 16-11 at 6]. Specifically, petitioner identified that Counts I–IV of the indictment involved the same criminal transaction and argued that while the State could rightfully charge both sexual assault and sexual abuse, it could not charge four offenses based upon the petitioner's use of both his right and left hands [Id. at 13]. By Order entered June 17, 2009, the Supreme Court of Appeals of West Virginia refused the appeal [Doc. 16-12]. Petitioner thereafter filed a petition for writ of certiorari, which the Supreme Court of the United States denied on February 22, 2010 [Doc. 16-15].

In his subsequent habeas filing in state court, the petitioner again alleged, in part, that "the trial court refused to dismiss Count II and Count IV of the indictment as being duplicitous and [that he] was subject to multiple punishment[s] for the same criminal act" [Doc. 16-8 at 8]. By Order entered August 6, 2010, the circuit court found that the petitioner's claims had either been previously adjudicated and/or waived, or were facially without merit based upon the underlying record, and denied the petition without appointing counsel or holding an evidentiary hearing [Doc. 16-9].

On appeal, however, the Supreme Court of Appeals of West Virginia remanded the matter and ordered the circuit court to provide legal counsel and hold an omnibus evidentiary hearing [Doc. 16-23]. On remand, habeas counsel filed a Certificate of No Merit, which stated the following:

5

> 1. This counsel was appointed to represent Petitioner in this Habeas Corpus proceeding.
>
> 2. This counsel certifies that he has performed a thorough review of approximately 2,200 pages and documents, including full trial transcripts of the underlying criminal case as well as all prior actions utilized for the recidivist proceeding against this Petitioner.
>
> 3. This counsel certifies that based upon the review of the totality of documents and information obtained after discussion with former counsel of the Petitioner, that this counsel cannot ethically, and within the applicable rules, argue any of the issues asserted in the original Habeas Corpus Petition. Additionally, counsel certifies that it is his belief that there exists no other viable grounds for Habeas Corpus relief by virtue of an Amended Petition for Habeas Corpus as a Habeas Corpus action would have no merit.

[Doc. 16-24 at 2]. Thus, by Order entered August 14, 2014, the circuit court again denied relief [Doc. 16-25].

Petitioner appealed this ruling [Doc. 16-27], but simultaneously filed an original jurisdiction habeas petition with the Supreme Court of Appeals of West Virginia [Doc. 16-29]. In the original jurisdiction petition, petitioner again alleged that Counts II and IV of the indictment were duplicitous [Id.]. The West Virginia Supreme Court of Appeals consolidated the two matters [Doc. 16-31], and affirmed the circuit court's denial of habeas relief, while denying petitioner's original writ [Doc. 16-32]. Petitioner did not raise his double jeopardy claim in any of his other filings in state court.

Now, petitioner brings the instant federal habeas petition. On June 22, 2018, respondent filed a Motion for Summary Judgment [Doc. 49], arguing that summary judgment should be granted in respondent's favor and the § 2254 Petition should be dismissed with prejudice because petitioner's double jeopardy claim is without merit. Magistrate Judge Trumble filed the instant R&R [Doc. 64] on January 17, 2019, recommending that the

respondent's Motion for Summary Judgment [Doc. 49] be granted and petitioner's § 2254 Petition [Doc. 1] be denied and dismissed with prejudice. Petitioner timely filed his Objections on February 1, 2019 [Doc. 64-1]. This matter is now ripe for decision.

## **APPLICABLE LAW**

Under 28 U.S.C. § 2254(d)(1), this Court may not grant federal habeas relief unless it concludes that the state court's adjudication of the claim "was contrary to,[2] or involved an unreasonable application of,[3] clearly established Federal law, as determined by the Supreme Court of the United States." *See also* **Williams v. Taylor**, 529 U.S. 362 (2000). As noted by the Supreme Court of the United States, § 2254(d) is "not a substitute for ordinary error correction through appeal" but rather "preserves authority to issue the writ in cases where there is no possibility fair minded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents" and protects "against extreme malfunctions in the state criminal justice systems." **Harrington v. Richter**, 562 U.S. 86, 102–103 (2011). A state prisoner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fair

---

[2] I.e. "if the state court arrives at a conclusion opposite to that reached by the [United States Supreme] Court on a question of law or if the state court decides a case differently than the [Supreme] Court has on a set of materially indistinguishable facts." **Williams**, 529 U.S. at 405.

[3] I.e. if the state court decision "identifies the correct governing legal principle from the [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case," which "is different from an incorrect or erroneous application of federal law." **Williams**, 529 U.S. at 412. Thus, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." ***Id.*** at 411.

7

minded disagreement." *Id*. at 103. The standard is highly deferential and intended to be "difficult to meet." *Id*. at 102.

Additionally, determinations of factual issues by the state court are presumed to be correct, and the petitioner bears the burden of rebutting this presumption by *clear and convincing evidence*. 28 U.S.C. § 2254(e)(1) (emphasis added). The Fourth Circuit has found that "[w]here the state court conducted an evidentiary hearing and explained its reasoning with some care, it should be particularly difficult to establish clear and convincing evidence of error on the state court's part." ***Sharpe v. Bell***, 593 F.3d 372, 378 (4th Cir. 2010). Federal court should not be used as a "do-over" to resolve factual disputes that the state court has already addressed. *Id*.

## **DISCUSSION**

As set forth in Magistrate Judge Seibert's R&R and adopted by this Court's Order recommitting this case, the only issue to be addressed further is the petitioner's allegation that Counts II and IV of the indictment were duplicitous and a violation of double jeopardy. To that end, Magistrate Judge Trumble found the following:

> The Double Jeopardy Clause protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. ***Brown v. Ohio***, 432 U.S. 161, 165 (1977). In this case, the Petitioner was charged with two separate violations of Second Degree Sexual Assault and two separate violations of First Degree Sexual Abuse. Therefore, his double jeopardy claim does not present the more frequently arising issue of whether two different statutes may punish the same conduct, *see* ***Blockburger v. United States***, 284 U.S. 299, 303–04 (1932), but the less frequently recurring issue of whether multiple punishments may be imposed for more than one violation of a single statute. *See* ***United States v. Universal C.I.T. Credit Corp.***, 344 U.S. 218, 224–26 (1952); ***Bell v. United States***, 349 U.S. 81, 81–84 (1955). Therefore, this matter requires a determination of the "allowable units of prosecution,"

8

***Universal C.I.T.***, 344 U.S. at 221–24, with "ambiguity . . . resolved in favor of lenity," *see* ***Bell***, 349 U.S. at 83. The "appropriate unit of prosecution" is not a constitutional issue, but instead is determined by examining the legislative intent behind the statute. ***Ohio v. Johnson***, 467 U.S. 493, 499 (1984).

Although the SCAWV [Supreme Court of Appeals of West Virginia] refused the Petitioner's appeal and did not specifically address the Petitioner's double jeopardy claim on its merits, the Circuit Court's refusal of the Petitioner's motion to dismiss Counts II and IV was based on state law and the West Virginia Legislature's clear intent to permit multiple charges for various instances of criminal sexual conduct even if such conduct occurs during a single criminal transaction. In reaching its ruling, the Circuit Court relied on the holding in ***State v. Rummer***, 189 W.Va. 369, 432 S.E.2d 39 (1993).

In ***Rummer***, the SCAWV dealt with two convictions of first degree sexual abuse, the same offense with which the Petitioner was charged in Counts III and IV of the indictment. First degree sexual abuse is defined in W.Va. Code § 61-8B-7(a) and utilizes the term "sexual contact." This term is defined in W.Va. Code § 61-8B-1, which states, in pertinent part:

> "Sexual contact" means any intentional touching, either directly or through the clothing, of the anus or any part of the sex organs of another person, or the breasts of a female or intentional touching of any part of another person's body by the actor's sex organs where the victim is not married to the actor and the touching is done for the purpose of gratifying the sexual desire of either party.

Following an analysis of the ruling of other jurisdictions, the SCAWV determined a defendant who commits two or more separate acts of sexual contact on a victim may be convicted of each separate act in a single criminal episode without violation of double jeopardy principles. In the instant case, the victim testified, and the jury ultimately concluded, that the Petitioner had committed two separate violations of W.Va. Code § 61-8B-7(a)(3), by using each hand at separate times. This same reasoning applied to the Petitioner's convictions under Counts I and II of committing sexual intrusion in violation of W.Va. Code § 61-8B-4(a)(1).

Accordingly, the Circuit Court's ruling, as affirmed by the SCAWV, relied upon an independent and adequate state law determination that was neither contrary to clearly established federal law, nor based upon an unreasonable determination of the facts presented at trial. Accordingly, the Petitioner has failed to establish that his conviction and sentence violated double jeopardy,

and he is entitled to no relief from this Court.

[Doc. 64 at 14–16].

In his Objections, petitioner does not present any objection to Magistrate Judge Trumble's ruling that the state court's determination that petitioner could be convicted of separate violations for sexual assault and sexual abuse by using each hand at separate times was not contrary to clearly established federal law nor based upon an unreasonable determination of the facts presented at trial. Instead, the vast majority of petitioner's Objections simply reargue issues which have already been dismissed as procedurally barred. Mainly, petitioner's Objections argue that sexual abuse is a lessor included offense of sexual assault, as "sexual contact must always precede sexual intrusion" [Doc. 68-1]. Thus, petitioner argues that he "may only be convicted and sentenced for sexual assault . . . [or] convicted and sentenced for sexual abuse, but not both crimes" [Id. at 2].

Petitioner presented this same argument in his response to respondent's Motion for Summary Judgment. *See* [Doc. 54]. There, as here, petitioner sets forth allegations that have not been exhausted and are not properly before this Court. The only ground for relief which survived Respondent's Motion to Dismiss as Unexhausted and Procedurally Barred [Doc. 16] was that which was asserted by petitioner in his direct appeal, which was that the trial court erred by failing to dismiss Count II and Count IV of the indictment as being duplicitous because the acts of touching the victim's vagina with each hand were part of the same ongoing criminal transaction. Thus, Magistrate Judge Trumble appropriately addressed only this limited issue, and concluded that the state court's adjudication of the claim was not contrary to, or involved an unreasonable application of, clearly established federal law. In spite

of the fact that petitioner makes no specific objection to this finding, but rather argues a position that has not been exhausted,[4] this Court nonetheless reviewed this portion of the R&R *de novo*. Having done so, this Court agrees with Magistrate Judge Trumble's findings with regard to this claim for the reasons more fully explained in the R&R. In light of the review this Court undertakes within the confines of § 2254, this Court cannot find that the state court's adjudication of this claim was contrary to, or an unreasonable application of, any federal law. Accordingly, the remaining claim in the Petition should be dismissed with prejudice.

Magistrate Judge Trumble's R&R also recommends denying petitioner's pending Motion for Leave to File a Motion Requesting this Court to Declare the 1978 State Conviction Void *Ab Inito* [Doc. 53]. Magistrate Judge Trumble points out that petitioner's claim that his conviction for violating W.Va. Code § 61-8-13 is not a valid conviction for purposes of the recidivist statute was a claim included in petitioner's § 2254 Petition, and that such claim was dismissed as procedurally defaulted. Though petitioner now asserts a different reason why the conviction is invalid, relying on **Lawrence v. Texas**, 539 U.S. 588 (2003), such is still procedurally defaulted. Thus, Magistrate Judge Trumble found that "it would be useless to grant this motion" [Doc. 64 at 18]. Upon independent review, this Court agrees that such a claim would be procedurally defaulted, and thus it would be futile to grant petitioner's Motion for Leave to File a Motion Requesting this Court to Declare the 1978 State Conviction Void *Ab Inito* [Doc. 53]. Accordingly, this Motion will be denied.

---

[4] Not only did petitioner not argue his lessor included offense theory in any state proceedings, but also he actually conceded that the State could rightfully charge both sexual assault and sexual abuse in both his direct appeal and state habeas petition. *See* [Docs. 16-11 at 13–18, 16-18 at 8–9, 16-19 at 3].

11

Finally, Magistrate Judge Trumble's R&R also recommends denying petitioner's other pending Motion for Judicial Notice [Doc. 55]. In this Motion, petitioner argues that his recidivist sentence was obtained unlawfully in violation of two prior plea agreements. Magistrate Judge Trumble notes that petitioner "has presented various arguments with respect to his sentence, but he has never alleged a violation of prior plea agreements" [Doc. 64 at 19]. Thus, Magistrate Judge Trumble found that the Motion should be denied, as this argument was not exhausted and is procedurally defaulted. Upon independent review, this Court agrees that petitioner's claim regarding the violation of prior plea agreements was not exhausted and is procedurally defaulted. Accordingly, Petitioner's Motion for Judicial Notice [Doc. 55] will be denied.

## **CONCLUSION**

For the reasons set forth above, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation **[Doc. 64]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the report. Accordingly, respondent's Motion for Summary Judgment **[Doc. 49]** is hereby **GRANTED** and the remaining claim in the petitioner's § 2254 Petition **[Doc. 1]** is hereby **DISMISSED WITH PREJUDICE**. Further, petitioner's Motion for Leave to File a Motion Requesting this Court to Declare the 1978 State Conviction Void *Ab Inito* **[Doc. 53]** and Motion for Judicial Notice **[Doc. 55]** are hereby **DENIED**. Additionally, petitioner's Motion for Status Report Regarding Report and Recommendations **[Doc. 65]** and Motion to Extend Deadline for Filing Objections to the Report and Recommendation of the Magistrate Judge **[Doc. 68]** are hereby **DENIED AS**

**MOOT**.  This Court further **ORDERS** that this matter be **STRICKEN** from the active docket of this Court and **DIRECTS** the Clerk to enter judgment in favor of the respondent.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to mail a copy to the *pro se* petitioner.

**DATED**: February 13, 2019.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE